In re: Appeal of Bender et al. from Ordinance of Borough of Akron.

Argued October 3, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*G. T. Hambright,* and with him *John E. Malone,* for appellant.—A court of quarter sessions, on an appeal from a borough ordinance, may not substitute its judgment or discretion for that of the borough authorities, where the ordinance is passed in pursuance of positive legislative authority: In re: Annexation of a Portion of Porter Township to the Borough of Jersey Shore, 72 Pa. Superior Ct. 543; In re: Annexation of

a portion of Abington Township to Borough of Jenkintown, 101 Pa. Superior Ct. 227; Commonwealth v. Walton, 236 Pa. 220.

*Harris C. Arnold,* and with him *John A. Coyle,* for appellee, cited: Kimber v. Schuylkill Co., 20 Pa. 366; Annexation to Camp Hill Borough, 142 Pa. 511; Annexation to Elk Township School District, 146 Pa. 1.

OPINION BY GAWTHROP, J., November 21, 1932:

Under Section 1010, Article X, of The General Borough Act (1927, P. L. 519), appellants applied to the quarter sessions to have declared void and of no effect an ordinance of the Borough of Akron; the court sustained the appeal and entered an order that the ordinance "be and the same is hereby declared void and of no effect." The decision below is not conclusive; nor is our jurisdiction on this appeal limited to a review of the regularity of the proceedings, as was formerly the rule on a certiorari: Davis v. Crafton Borough, 75 Pa. Superior Ct. 37; Hand's Case, 266 Pa. 277. Although this appeal is in effect a certiorari the testimony taken in the court below and filed "shall be reviewed by the appellate court as part of the record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law, and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below": Act of April 18, 1919, P. L. 72. Prior to the passage of this statute we had authority, when a case was brought to this court by certiorari, to examine the opinion of the court below for the purpose of ascertaining the basis of its action and whether it exceeded its jurisdiction or its proper legal discretion: Independence Party Nomination, 208 Pa. 108; Chester County Republican Nominations, 213 Pa. 64. We have, therefore, examined the record, including the

testimony brought up and the opinion of the court below.

The plan of the Borough of Akron adopted in 1895 contained a street known as Eighth Street, extending from Main Street to the southwestern borough line. This street was never opened and the borough never began any proceedings to open it. On March 26, 1929, Laura Bender, one of the appellees here, filed in the court of common pleas of Lancaster County a bill in equity alleging, inter alia, that Eighth Street, as designated on the borough plan above mentioned, extended over and upon her land; that no proceedings had been taken by the borough to open the street or assess damages to the owners of the land over which the street was laid out; and that the borough was threatening to open the street. After hearing on the bill and answer, the court entered a decree striking from the plan of the borough so much of the street designated thereon as Eighth Street as extended through plaintiff's land, and restraining the borough from entering upon or interfering with the plaintiff's premises by virtue of the previous ordaining of the street. It was ordered further that the plaintiff and her successors in title should hold and enjoy said premises free and clear of any effect of the presence of Eighth Street on the plan. The decision and decree were grounded upon the conclusion of law that the plaintiff's land was relieved of the burden of this street by the provision of the Act of June 1, 1911, P. L. 541, repealed and reenacted by the General Borough Act of May 14, 1915, P. L. 312, and the General Borough Act of May 4, 1927, P. L. 519, which provided as follows: "That if any borough within this Commonwealth has heretofore surveyed, laid out, enacted or ordained, or shall hereafter survey, lay out, enact or ordain any street, road, lane, alley, court or common sewer over or under private property located in whole or in part within the limits of said

borough, and proceedings to open the same and to assess damages arising therefrom shall not be proceeded with within two years from the enactment of said ordinance, it shall be null and void." That decree was made January 18, 1930, and no appeal was taken from it.

On April 7, 1930, the borough council passed, and the burgess approved, an ordinance entitled "An ordinance laying out as a public thoroughfare Eighth Street, for its whole length from Main Street to the southwestern borough line." The street as laid out by this ordinance replaces the street involved in the equity proceeding. The proposed street is located on land owned by appellants. This appeal is from an order sustaining the complaint made against the ordinance of 1930.

The complaint averred, inter alia, that the proposed street, as laid out by the ordinance, is the same street which the court of common pleas of Lancaster County, in a proceeding in equity, ordered and decree to be void as laid out on the borough plan of 1895, and directed that the same be stricken from said plan; that the borough council had no intention of opening the street; that the passage of the ordinance was a deliberate effort of the borough council to harass the petitioners and to circumvent the decree of the court of common pleas in the equity proceeding; that the borough is financially unable to assess the damages and open the street because it has exhausted its borrowing capacity and does not have current funds available for such expenditure; and that there is no need for the street. All of these averments were denied in the answer. A hearing was had and testimony was presented by the respective parties. The court below said in his opinion that "the question in the instant case seems to be 'Can the borough lawfully pass an ordinance authorizing the laying out of Eighth Street when

said street appeared upon the borough plan of 1895 and was struck from said plan by the court of common pleas of the County of Lancaster sitting in equity in the proceedings referred to?' '' He answered the question in the negative and declared the ordinance of 1930 void and of no effect on the single ground that the action of the borough in enacting it was an attempt to nullify the action of the.court of common pleas in the equity case above mentioned. The borough brings this appeal.

We are of one mind that the court fell into error in holding that the decree in the equity case prevented the borough from enacting another ordinance laying out a street on the lines of Eighth Street as it had appeared on the borough plan of 1895. The hands of the borough council cannot be tied in that manner. In passing the ordinance of 1930 the borough acted under the authority conferred by Section 1601, Article XVI, of the Borough Code of 1927, supra, which provides that boroughs may survey and lay out streets without petition of property owners. The laying out and opening of streets is a municipal question: Pittsburgh's Petition, 138 Pa. 401. When a municipality is authorized to lay out and open streets its determination is not subject to judicial review. The court may not substitute its judgment or discretion for that of the municipal authorities: Porter Township Annexation, 75 Pa. Superior Ct. 543; In re: Annexation to Borough of Jenkintown, 101 Pa. Superior Ct. 227. The establishment of the street was the exercise of a discretion conferred upon the borough authorities. The Borough Code of 1927 empowered them to lay out such streets as they may deem necessary. Their decision on the question of the necessity of laying out a street is final: Ligonier V. R. R. Co. v. Latrobe Borough, 216 Pa. 221.

Counsel for appellees urge upon us that the order

of the court below should be sustained on the ground that the ordinance was unreasonable, oppressive and arbitrary, and resulted from an abuse of the powers of the municipality. Although Section 1010 of the Borough Code applies to every case where any person is aggrieved in consequence of any ordinance passed by a borough in virtue of the Borough Code and furnishes legal relief for a grievance resulting from a borough ordinance passed in virtue of the act, by reason of its illegality, oppressiveness or unreasonableness, which was formerly remediable in a court of equity (Porter Township Annexation, supra), the court below had no authority, in this proceeding, to set aside the ordinance on that ground. Appellees could not have obtained relief on that ground formerly in a court of equity. This was decided by our Supreme Court in Ligonier V. R. R. Co. v. Latrobe Borough, supra. In that case the borough laid out a street which crossed the railroad tracks of the appellant. The latter contended that the ordinance was unreasonable in view of the danger attending the use of the crossing and the adequacy of the crossings then existing for the public need. The court stated that this might have been urged when the adoption of the ordinance was being considered by the borough authorities, but that their decision with respect to it would have determined the question finally and that "it is settled law that where the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy: Dillon's

Municipal Corporations, Section 328.'' It follows that the court below was not required to pass upon the question whether the ordinance was unreasonable and oppressive.

But one other question requires consideration. It is urged in behalf of appellees that as Section 1630 of the Borough Code requires that a proceeding to open a borough street be had within two years from the adoption of the ordinance laying it out, and more than two years have elapsed since the passage of the ordinance of April 7, 1930, the ordinance has become void by reason of the limitation of Section 1630 of the code, and therefore, the questions raised before us are moot and the appeal should be quashed on that ground. We cannot assent to this proposition. The borough authorities ought not be penalized for failing to open the street when they were prevented from doing so by this proceeding which was begun within a month after it was passed. We hold that the pendency of the proceeding tolled the running of the statute.

The judgment is reversed and the ordinance is reinstated.