CALL BOND & MORTGAGE COMPANY, Appellant, v. GREAT NORTHERN RAILWAY COMPANY et al., Appellees.

No. 44940.

OCTOBER 17, 1939.

George R. Call, Milchrist & Marshall, for appellant.

Jepson, Hatfield & Jepson, Hughes, O'Brien & Hughes, Shull & Stilwill, for appellees.

MITCHELL, J.—The Call Bond and Mortgage Company, a corporation, was the owner of certain real estate located in Sioux City. The property lies on both sides of Clark street, which is a street that runs in a north and south direction. The real estate is unimproved, and it has been impossible to rent or use the property because the only readily accessible route to reach same is going south on Clark street. Clark street is crossed near the property by the lines of the Great Northern Railway Company and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company. These railroads have eight railroad tracks, which were simply laid on the surface of the road without planking or any means by which the tracks may be crossed. The Call Bond and Mortgage Company commenced this action in equity for a peremptory writ of mandamus against the two railroads to compel the construction of a crossing across Clark street and for damages. Many defenses were pleaded. We find it necessary however to discuss but one. The trial court dismissed the petition. It is conceded by the parties that since the trial of the cause in the lower court, upon demand by the city of Sioux City, the crossing has been constructed and the only question now before this court is whether appellant is entitled to damages.

The record shows without dispute that the railroad companies were given a right to use Clark street by ordinance of the city of Sioux City, which provided among other things that the railroad companies "shall also construct and maintain crossings for vehicles and pedestrians at such points where the tracks cross any street or alley, as the city council may direct and within fifteen days after receiving notice from the city council so to do". The city of Sioux City gave no notice to the appellee

companies to construct the crossing, in fact the only request that was made was a letter written by the president of the appellant company dated February 11, 1938, and addressed to the assistant superintendent of the Chicago, Milwaukee, St. Paul and Pacific Railroad and the Train Master of the Great Northern Railway Company.

Early in the history of this court in the case of Morrison v. Hershire, 32 Iowa 271, 276, we said:

"The character and extent of the improvement of streets are left to the discretion of the city authorities. This discretion, however, is not arbitrary and irresponsible, but must be exercised with due regard to the interest of the public, and without wanton oppression to individuals. Within these bounds, however, the city authorities are free to determine all matters pertaining to the improvement."

The question of whether an improvement is demanded for the good of the public or necessary is to be determined by the city council, and the determination is conclusive, except for want of authority or fraud.

In the case at bar, the very ordinance that gave to the railroad companies the right to use Clark street provided that a crossing was to be constructed when the city council so directed.

No demand was made upon the city council to direct the construction of the crossing, but instead a letter was written to the official of the railroad companies by the president of the appellant company. The city did not refuse to do it, it had not been asked. The railroad companies were required to build a crossing across this public street, when the city council so directed, but they could not be required to do it simply upon the request of some property owner, without some showing of fraud or oppression, and there is no claim of either in this case.

It necessarily follows that the lower court was right and the decree must be and it is affirmed.—Affirmed.

OLIVER, C. J., and all JUSTICES concur.