## Schuylkill Haven Borough Appeal.

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*H. G. Stutzman,* with him *Calvin J. Friedberg,* for appellant.

*Ralph M. Bashore,* with him *Cletus C. Kilker,* for appellees.

OPINION BY RHODES, P. J., November 16, 1955:

This appeal is by the Borough of Schuylkill Haven from an order of the Court of Quarter Sessions of Schuylkill County declaring void an ordinance of the Borough of Schuylkill Haven in so far as it fixes the salary of the borough manager.

On January 10, 1955, the borough council of the Borough of Schuylkill Haven enacted Ordinance No. 368 which provided in section 1 that the borough manager shall be paid an annual salary in the sum of $9,000. On February 7, 1955, three taxpayers of the said borough filed an appeal in the Court of Quarter Sessions of Schuylkill County under section 1010 of "The General Borough Act" of May 4, 1927, P. L. 519, Art. X, as amended by the Act of May 18, 1933, P. L. 818, §1, and as revised and amended by "The Borough Code" of July 10, 1947, P. L. 1621, §23, 53 PS §12900. Appellees, in appealing to the court of quarter sessions, alleged, inter alia, that the salary of $9,000 for the

borough manager as set forth in the ordinance was "grossly excessive in its proportion to the value of the services rendered," and constituted "a gross abuse of the discretion vested in the Borough Council." The court below granted a supersedeas and thus enjoined the payment of any salary to the borough manager. After three hearings before the court, the court below, on June 21, 1955, declared the salary proposed to be paid to the borough manager under section 1 of Ordinance No. 368 to be grossly excessive and therefore illegal, and further that any salary exceeding the sum of $7,500 would be excessive and consequently illegal.

By The Borough Code of July 10, 1947, P. L. 1621, §23, 53 PS §12900, section 1010 was reenacted and amended to read as follows:

"Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive. In cases of ordinances effecting annexation of territory or laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance."

The determinative question on this appeal is whether the court of quarter sessions had jurisdiction of the matter. The jurisdictional question was raised in the supplemental brief of appellant to which appellees replied. It was not originally incorporated in the statement of questions involved. However, the question was raised in the court below which held that it could hear the matter on the merits. The question of jurisdiction of the court of quarter sessions to make the or-

der from which this appeal is taken would be considered by this Court although not presented to the court below or initially raised on this appeal. See *Magel v. Springs*, 338 Pa. 452, 12 A. 2d. 558; *Thomas v. Johnson*, 356 Pa. 570, 52 A. 2d 663.

The borough council enacted the ordinance under authority granted in section 1141 of the Act of May 4, 1927, P. L. 519, Art. XI, as amended by The Borough Code of July 10, 1947, P. L. 1621, §38, 53 PS §13232.

It is appellees' contention that the action of the court below did not constitute an inquiry into the propriety of the ordinance but was a determination as to its legality. The court held the ordinance illegal and void on the ground that the borough manager's salary should be limited to the sum of $7,500 instead of $9,000. We are of the opinion that the court below, under the provisions of section 1010 of The Borough Code, which limits the jurisdiction of the court of quarter sessions to a complaint as to the legality of the ordinance, cannot fix the salary of the borough manager and thereby act as a super-borough council and make such a matter subject to the opinion and judgment of the court. Jurisdiction to review the legality of such an ordinance does not comprehend authority to deny its propriety or confer power to enter upon such an inquiry. It is obvious that the court substituted its opinion for that of the borough council on the same facts, and held that a difference of $1,500 a year in the salary of the borough manager was the difference between legality and illegality of the ordinance. The powers and duties of the borough manager were prescribed in Ordinance No. 367 creating that office. He shall, among other duties, supervise and be responsible for the activities of all municipal departments, including electric light, gas and water, sewers and sewage disposal, streets, garbage, ash and rubbish removal and

disposal dumps, recreational centers and parks, and all other borough operated utilities and facilities. The Borough of Schuylkill Haven, with the exception of the gas plant, operates its own utilities, and the borough manager, as the chief fiscal officer for the utilities and the borough, handles approximately $400,000 a year. He also prepares and administers the budget.

It is pertinent to consider the legislative history and judicial construction of section 1010, 53 PS §12900.

The Act of May 14, 1915, P. L. 312, ch. 7, Art. I, §9, provided in part as follows: "Complaint may be made to the next court of quarter sessions . . . by any person aggrieved in consequence of any ordinance, regulation, or act done or purporting to be done in virtue of this act, and the determination and order of the court thereon shall be conclusive." This provision was substantially reenacted by the Act of May 4, 1927, P. L. 519, Art. X, §1010, except that the complaint to the court of quarter sessions was to be made within thirty days after any ordinance took effect, and not necessarily "to the next court of quarter sessions."

In *Porter Township Annexation Case,* 75 Pa. Superior Ct. 543, we had before us the aforesaid section 9 of the Act of 1915, and said (pages 547, 548) : "Therefore, in proceedings consequent on such complaint, following annexation by ordinance, the court of quarter sessions may inquire, if the question is raised, whether the petition to the borough council was actually signed by a majority of the freeholders of the territory proposed to be annexed; whether the ordinance followed the petition and complied with the legal requirements as to its passage, approval and recording; and whether the other requisites relative to filing a certified copy of such ordinance, and the description and plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation

in the court of quarter sessions and notice of such filing given the county commissioners have been complied with. . . . But, of course, it may not substitute its judgment or discretion for that of the borough authorities; it is concerned only with the legality, not the wisdom of their action." Thus we held, in such an annexation proceeding, that the court of quarter sessions could not inquire into or concern itself with the exercise of discretion of the borough authorities or the wisdom of their action, but only with the matters relating to the procedural validity of the ordinance.

In considering the Act of May 4, 1927, P. L. 519, Art. X, §1010, we held in *Abington Township Annexation Case*, 101 Pa. Superior Ct. 227, 231, that it was unimportant that a proposed annexation would make the dividing line between the township and the borough more irregular and less symmetrical, and said: "The Legislature has given to boroughs the right to annex territory by taking the land of a township. The courts may not substitute their discretion for that of borough authorities in the matter. Courts are concerned only with the legality, not the wisdom, of the action of the borough: Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483. There is no legislative prohibition against a borough's annexing the territory lying within a first class township and this complaint is one which should be addressed to the Legislature rather than to a court." Similarly, in a case involving the laying out and opening of a street, we held that, where the municipality is authorized to lay out and open streets, its determination is not subject to judicial review, and that the court could not substitute its judgment or discretion for that of the borough authorities (*Bender Appeal*, 106 Pa. Superior Ct. 376, 381, 163 A. 47).

Following these decisions under the Act of 1927, the Legislature, by the Act of May 18, 1933, P. L. 818, §1, added the following sentence to section 1010: "The court shall have jurisdiction to review the propriety as well as the legality of ordinances effecting annexation of territory or laying out streets over private lands." See *Salisbury Township Annexation Case*, 172 Pa. Superior Ct. 262, 266, 94 A. 2d 143.

By the Act of July 10, 1947, P. L. 1621, §23, the opening sentence of section 1010, 53 PS §12900, was revised to read: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, . . ." The provision as to ordinances relating to annexation of territory and laying out of streets remained the same.

In *Whitford Liquor License Case*, 166 Pa. Superior Ct. 48, 50, 70 A. 2d 708, 710, we had occasion to refer to the word "propriety," as used in the Act of May 20, 1949, P. L. 1551, §2, which provides in part: "In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance or any prior renewal of such license." Speaking for this Court, Judge RENO said (page 51 of 166 Pa. Superior Ct., page 710 of 70 A. 2d) : "There is a world of difference between *propriety* and *legality*. It is scarcely credible that the legislature would use 'propriety' when it meant 'legality,' for the terms are practically antithetical. Certainly the *1947* legislature knew the difference, and employed the two words in their proper sense in the same sentence. The Borough Code of July 10, 1947, P. L. 1621, §23, 53 PS §12900, provides: 'In cases of ordinances effecting annexation of territory . . . the court shall have jurisdiction to review the *propriety* as well as the *legality* of the ordinance.' (Emphasis added.) See Irwin Borough Annexation Case (No. 1), 165 Pa. Superior Ct.

119, 122, 131, 67 A. 2d 757. 'Legality' imports conformity to law; in that context, 'propriety' connotes conformity to a norm of conduct, or more specifically, it signifies appropriateness, suitability, fitness, correctness. See Webster. The legality of an act depends upon its observance of applicable law; its propriety depends upon its appropriateness to and in the situation in which the action was taken. A judicial inquiry of the legality of an act requires examination of the law upon which it was ostensibly predicated. A judicial inquiry as to the propriety of an act of a public authority involves judgment upon the discretion and wisdom exercised in the circumstances."

The municipal authorities were authorized by the Legislature to create by ordinance the office of borough manager and to provide for his power, duties, and compensation. Section 38 of The Borough Code of 1947, as amended, 53 PS §§13231, 13232. Complaint as to the legality of such a borough ordinance may be made to the court of quarter sessions, but such court has no jurisdiction as to the propriety of such an ordinance. To say that the amount of salary to be paid to the borough manager concerns the legality and not the propriety of the ordinance would be to eliminate any difference between the two words and make them synonymous. Under section 1010 of The Borough Code, 53 PS §12900, except as otherwise provided, the discretion and judgment of the court of quarter sessions cannot be substituted for that of the borough council.

In *Com. ex rel. Millard Construction Co. v. Walton*, 236 Pa. 220, 222, 223, 84 A. 766, 767, there is this appropriate statement: "If there is any popular notion that the remedy for unwise legislation by councils and the mayor is to have the court declare that in their judgment the ordinance is unwise, vicious and prejudicial to the interests of the public, and therefore void,

that notion cannot be removed too soon. . . . If the legislation is beyond their power or void by reason of improper passage it can be so declared, and will be, but if it relates to a subject-matter that councils have authority to act upon, and is passed in a legal manner, their act, when approved by the mayor, becomes the official act of the municipality. The controller and the court may not approve of, or be in sympathy with the policy of it, but neither can make it ineffective."

Here the borough council had authority to act upon the subject matter, and the manner of the enactment of the ordinance is not questioned. "That the ordinance is unreasonable . . . is a view that might have been urged when the adoption of the ordinance was being considered by the borough authorities; . . ." *Ligonier Valley Railroad Company v. Latrobe Borough,* 216 Pa. 221, 223, 224, 65 A. 548, 549.

Whether the salary of the borough manager of the Borough of Schuylkill Haven shall be $9,000, as provided by the ordinance duly enacted by borough council, or limited to $7,500 a year, as directed by the Court of Quarter Sessions of Schuylkill County, is not a question of legality under section 1010 of The Borough Code, 53 PS §12900. It is a matter of propriety under the facts which "involves judgment upon the discretion and wisdom exercised in the circumstances."

The court below was without jurisdiction to make the order from which this appeal has been taken. It is manifest that the court of quarter sessions has no power under section 1010 of The Borough Code, 53 PS §12900, to enter upon an inquiry to determine the appropriateness of the salary of the borough manager, declare the ordinance void, and substitute its opinion for that of the borough council as to an adequate salary. See *Witney v. Lebanon City,* 369 Pa. 308, 312,

85 A. 2d 106; *Specktor v. Specktor,* 158 Pa. Superior Ct. 323, 325, 44 A. 2d 767.

The decisions upon which the court below and the appellees rely relate to entirely different situations and are not controlling. Those cases involving school directors are not comparable, as they do not involve, as in the present case, an authorized municipal legislative enactment and a statutory limitation of the jurisdiction of the court on review. The case of *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356, cited by the court below in its opinion, related to a zoning ordinance and held that the statutory procedure for testing the validity of substantive provisions of such an ordinance or the method of its administration was application to the board of adjustment in the first instance, followed by an appeal to the court of common pleas; the act provides that on petition the court of common pleas may consider whether such decision of the board is arbitrary, capricious, or an abuse of discretion. See 53 PS §15211.7.

In view of our conclusion, it is unnecessary to discuss appellees' contention, predicated on *Plum Township Annexation Case,* 178 Pa. Superior Ct. 376, 116 A. 2d 260, in the motion to quash appeal, which is overruled.

The order of the court below is reversed, and complaint dismissed at the cost of appellees.