## Springfield Township Zoning Case.

Argued January 7, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

reargument refused May 4, 1960.

*Robert L. Trescher,* with him *C. Brewster Rhoads, Thomas N. O'Neill, Jr., Read Rocap, Jr.,* and *Rocap & Rocap* and *Montgomery, McCracken, Walker & Rhoads,* for appellant.

*Paul C. Van Dyke,* with him *Cochrane and Van Dyke,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1960:

This is an appeal from the final order of the Court of Common Pleas of Delaware County, which ordered the Zoning Board of Adjustment of Springfield Township to issue a variance to Rita A. Chambers.

Mrs. Chambers' property is situated in an "A" residential district, the most restrictively zoned district in the township. It is a large single-stone residence on a lot having a frontage of 172 feet and a depth of 196 feet. A shopping center and a residentially zoned home are located west of these premises, and a township park is situated to the rear or south. Both to the east, and across the street to the north, there are homes used as real estate offices which are nonconforming uses. With the exception of the shopping center area and certain business zoned areas at the intersection nearby, all of the remaining area in Springfield Township within a radius of approximately one mile of Mrs. Chambers' property is zoned "A" residential.

In June, 1957, without making application to the building inspector or any other representative of the township, Mrs. Chambers filed a petition for a variance with the zoning board for the use of her home as a real estate and insurance office. Mrs. Chambers urged in her petition that the proximity to her property of the shopping center and the other two real estate offices creates a hardship.

After a hearing, the zoning board denied the petition and filed an opinion accompanied by comprehensive findings of fact. It held that no abutting property owner could claim any special hardship because of the center, and that any inconveniences caused by the center were shared by all properties encircling the residential area. Furthermore, the zoning board held that a variance was not justified by the existence of nonconforming uses, nor by the fact that Mrs. Chambers might supplement her income by operating a real estate office in her home.

Mrs. Chambers then appealed to the Court of Common Pleas of Delaware County. After a hearing in which additional testimony was taken, the court filed an opinion and order directing the zoning board to grant the variance. The court held that the shopping center did create a hardship which was burdensome and peculiar to Mrs. Chambers' premises and which justified a variance. The township first filed exceptions, and then later filed supplemental exceptions. Thereafter, the court handed down an opinion and final order requiring issuance of the variance. In its supplemental exceptions the township pointed out that since no appeal had been taken to the zoning board from the decision of an administrative official, the zoning board had no jurisdiction over the subject matter, and consequently the court below also lacked jurisdiction. The court held, however, that since no structural changes were contem-

plated, any request to the building inspector would have been futile, and that therefore such request was not required.

Mrs. Chambers poses the problem as one of procedure, and questions whether a zoning board, which is directed to follow a specific procedure upon applications for variances, may object to the procedure it followed so as to prejudice a property owner after an appeal on the merits has been taken to the lower court.

It is not the zoning board that is objecting to its own procedure; on the contrary, it is the township that is the appellant and the appeal is that of the township. The zoning board has no position or standing in this Court to sustain its determination by appeal to us. We have held that a zoning board has no right of appeal to our Court: *Lansdowne Borough Board of Adjustment's Appeal*, 313 Pa. 523, 170 Atl. 867 (1934). Under certain conditions, where the zoning board has taken an appeal, we found that the real party to the appeal was the municipality: *Edwards Zoning Case*, 392 Pa. 188, 140 A. 2d 110 (1958). Hence, the zoning board is not attempting to distort its own rules of "procedure." On the contrary, the township is seeking to require strict application of the ordinance which, the township maintains, denies the zoning board original *jurisdiction* to consider an original application for a variance.

Without making an application to the building inspector or any other representative of the township, a petition for a variance for the use of appellee's home as a real estate office was filed originally and directly with the zoning board. Both the First Class Township Code, Act of May 27, 1949, P. L. 1955, 53 PS §58107,[1]

---

[1] "The board of adjustment shall have the following powers: (1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an

and the Springfield Township Zoning Code, Spring-field Township Zoning Ordinance of 1938, §801, clearly direct that the power of the zoning board is exercisable only on appeal. Its granted power is to "authorize *upon appeal* in specific cases such variance from the terms of this ordinance as will not be contrary to public interest . . . ." Ibid.

Not only does the clear language of both the enabling legislation and the township zoning ordinance grant jurisdiction to the zoning board to entertain variance applications only upon appeal, but we are bound by the previous determination to this effect by this Court in *Lukens v. Ridley Township Zoning Board of Adjustment,* 367 Pa. 608, 80 A. 2d 765 (1951). There, an original petition was filed with the zoning board of the Township of Ridley for a zoning variance. The township's zoning ordinance setting out the powers of the zoning board, is, as is the instant ordinance, virtually identical to the provisions of the First Class Township Code, supra. It gives the zoning board the following powers: "(a) To *hear and decide appeals where* it is alleged *there is error* in any order, requirement, decision or determination made *by an administrative Official* in the enforcement of said Act and this Ordinance. (b) To hear and decide *special exceptions* to the terms of this Ordinance in such cases *as are herein expressly provided for,* in harmony with the general purpose and intent of this Ordinance, with

---

administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto; (2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; (3) To authorize, upon appeal in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

power to impose appropriate conditions and safe-guards. (c) To authorize, *upon appeal,* in specific cases, *such variances* from the terms of this Ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of this Ordinance will result in unnecessary hardship and so that the spirit of this Ordinance shall be observed and substantial justice done."[2] (Emphasis supplied). Id. at 611.

Mr. Justice BELL, writing for the Court, held that the zoning board properly refused to consider the original application or grant a hearing, stating: "It is clearly apparent that paragraphs (a) and (c) specifically provide for and require an appeal in order for the board of adjustment to have the power and jurisdiction." Id. at 611. The Court went on to say, "we agree . . . that the only authority the board has is statutory; that the statute, being a derogation of property rights which have been recognized for centuries, must be strictly construed and pursued. . . ." Id. at 612.

Under these circumstances, it is not for us to determine whether the presentation of an application to the building inspector prior to an appeal to the zoning board would or would not be a futile or useless gesture. It is enough that under both the statute and the township ordinance such procedure is necessary in order that jurisdiction might be obtained. Since this jurisdictional aspect of the procedure has not been followed or pursued, the zoning board was without power to entertain an application for a variance filed originally before it.

Mrs. Chambers further questions whether the township has properly raised its objections to the board's jurisdiction in that the jurisdictional issue was not pre-

---

[2] Compare ordinance with the enabling act at note 1.

sented in the township's statement of questions raised on appeal under Supreme Court Rule 40; nor was it raised by exception within a time limit set by the lower court for filing exceptions to the decree nisi. Objections to jurisdiction over the subject matter at issue have been considered by this Court even where the question was not presented to the court below or initially raised on appeal. *Thomas v. Johnson*, 356 Pa. 570, 52 A. 2d 663 (1947) ; *Magel v. Springs*, 338 Pa. 452, 12 A. 2d 558 (1940). See also *Schuylkill Haven Borough Appeal*, 179 Pa. Superior Ct. 508, 118 A. 2d 242 (1955) ; *Von Kaenel v. Unemployment Board of Review*, 163 Pa. Superior Ct. 173, 60 A. 2d 586 (1948). *A fortiori*, where the court below has in fact considered the objection, it will be heard on appeal.

Jurisdiction not having been properly invoked below, the appeal must be dismissed. Our decision, resting as it does on jurisdictional grounds, obviates the necessity of discussing the merits of this matter.

Order reversed.