**Julia M. TOTT, Appellee,**

v.

**SIOUX CITY, Iowa, Appellant.**

**No. 52731.**

Supreme Court of Iowa.

Jan. 9, 1968.

Ernest Turek and Donald W. Sylvester, Sioux City, for appellant.

William A. Shuminsky, Sioux City, for appellee.

STUART, Justice.

Plaintiff, Julia M. Tott, brought this action in equity to compel the City of Sioux City to open and improve a dedicated street abutting plaintiff's lots which had been accepted by the city. The question on appeal is whether mandamus will lie to compel a city council to' open such street. The district court imposed a mandatory duty upon the defendant city to open, improve, grade, and make a roadway of an established public street. A writ of mandamus was issued commanding the city to perform this "ministerial" duty. The city has appealed.

Schulein and Peters' Morningside Addition to Sioux City, was surveyed and platted into lots, blocks, streets, and alleys, was dedicated to the public and accepted for public use by the defendant city. Said plat was filed for record in the office of the Recorder of Woodbury County, on June 13, 1887. The plat included a public street identified as Mulberry Avenue, but which was changed by ordinance on March 23, 1911, to "South Mulberry Street". Plaintiff has owned lots 11–16, block 13, in said addition since November 20, 1957. South Mulberry Street runs in a north-south direction and abuts the west side of plaintiff's lots.

Plaintiff's lots are bounded on the north by a railroad right of way which constitutes an impassable barrier, on the south by defendant's property known as Lot 10, Block 13, of Schulein and Peters' Morningside Addition and on the east by other property owned by defendant.

A concrete street, East Gordon Drive, is just south of lot 10, block 13. It extends generally northwest and southeast and is a main thoroughfare in Sioux City. South of East Gordon Drive, Mulberry Street is a paved street 66 feet wide which has been used for many years by the public as a public highway for vehicular and pedestrian use. The portion of Mulberry Street involved herein, which is approximately 250 feet long, north of East Gordon Drive

has never been opened, graded, improved or used by the public as a street. Plaintiff and her predecessors in title have on numerous occasions appeared before the city council and demanded that defendant open, grade, and improve this portion of South Mulberry Street. The city council on all occasions has refused to do so.

Plaintiff claims she would like to improve said premises by building thereon but cannot do so until the defendant city provides access to the lots as there is no other means of ingress or egress to her property. The topography of South Mulberry Street north of East Gordon Drive is such that it cannot be used for travel by either vehicles or pedestrians without being graded and improved.

■ I. Does a city have a mandatory duty to open and improve a street, dedicated and accepted as a public street, when requested to do so by the owner of lots abutting such unopened street if the owner has no other access to his lots? We hold the city has a discretionary power in the matter rather than a mandatory duty to do so.

■ The state, having full authority and power over public highways can delegate control of those within a municipality to the municipal authorities. Central Life Assurance Society v. City of Des Moines, 185 Iowa 573, 578, 171 N.W. 31. It has done so by section 389.1, Code of Iowa, which provides:

"Cities and towns shall have power to establish, lay off, open, widen, straighten, narrow, vacate, extend, improve, and repair streets, highways, avenues, alleys * * * within their limits."

Although we have found no Iowa cases in which the power to open a street has been directly involved, other powers conferred by this section have been considered.

"The powers thus conferred are legislative in character, and within the limits pre-

scribed by statute are plenary. The only limit upon them which the courts have been inclined to recognize is that they shall not be exercised unreasonably." Lacy v. City of Oskaloosa, 143 Iowa 704, 708, 121 N.W. 542, 544, 31 L.R.A.,N.S., 853.

Under section 389.1, "a wide discretion is vested in cities and towns in the opening, control and vacation of streets and alleys. While the exercise of this power is not unlimited, yet where it is exercised in good faith, and for what it believes to be the public good, the courts will not interfere in the action of the municipality. Such interference is justified only in a clear case of arbitrary and unjust exercise of the power. (Citing cases)" Stoessel v. City of Ottumwa, 227 Iowa 1021, 1022–1023, 289 N.W. 718, 719; Des Moines City Ry. v. City of Des Moines, 205 Iowa 495, 503, 216 N.W. 284; Morrison v. Hershire, 32 Iowa 271, 276.

■■■ The listed powers are separate and distinct. The invoking of any one power does not make it mandatory for the city to exercise one or more of the others. A city may "establish" or "lay off" streets or accept a dedication of streets to the public without being required to open them to the public upon request. Cities must be able to intelligently plan their streets for future needs. Plats may be necessary long before public need demands the opening of a street. "We have said repeatedly that many streets in new plats were dedicated with no serious thought of their immediate improvement or extensive use, but largely to accommodate future needs. (Citing cases)" Kelroy v. City of Clear Lake, 232 Iowa 161, 5 N.W.2d 12, 19. The city council has just as much discretion in determining whether public necessity requires that a street be opened as it does in exercising any of the other enumerated powers.

This conclusion is in accord with the overwhelming weight of authority. McQuillin, Municipal Corporations, 3rd Ed. Vol. 10, § 30.31; 63 C.J.S. Municipal Corporations § 1043, p. 638; DeVille v. City of Oakdale, La.App., 180 So.2d 556; People ex rel. Lyddy v. City of Rock Island, 45 Ill.App.2d 76, 194 N.E.2d 647; Aro Investment Co. v. City of Omaha, 179 Neb. 569, 139 N.W.2d 349, 352; State ex rel. Townsend v. Board of Park Commissioners, 100 Minn. 150, 110 N.W. 1121, 9 L.R.A.,N.S., 1045; City of Norton v. Lowden, 10 Cir., 84 F.2d 663; Hoglund v. City of Summit, 28 N.J. 540, 147 A.2d 521, 528; Appeal of Bender, 106 Pa.Super. 376, 163 A. 47, 49; Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 384, 171 A.L.R. 87; Parker v. City of Philadelphia, 391 Pa. 242, 137 A.2d 343, 349; Town of Perry v. Thomas, 82 Utah 159, 22 P.2d 343, 345; City of Jefferson v. Eiffler, 16 Wis.2d 123, 113 N.W.2d 834.

II. Plaintiff argues "the transaction, whereby a private owner of land plats the same and dedicates a part thereof to the public for use as a street or other public purpose, is in the nature of a contract, is binding upon both parties and confers rights and creates obligations", including the burden of opening and improving the streets within a reasonable time. She relies on Warren v. The Mayor of Lyons City, 22 Iowa 351. We do not find it controlling here. Section 409.13 of the Code was in effect when the plat involved here was acknowledged and recorded. It provides: "Such acknowledgment and recording shall be equivalent to a deed in fee simple of such portion of the premises platted as is set apart for streets or other public use * * *."

■■■ There was no specific reservation of any rights. The grant must be considered to have been made with the statutory authority of municipalities to control its streets in view.

In Warren v. The Mayor of Lyons City, supra, the dedication of the land for a public square took place prior to the enactment of the statute under which defendant claimed the right to dispose of the property. We held it would impair the obligation of contract if it were applied retroactively.

Shortly after Warren v. The Mayor of Lyons City we held "when land has been dedicated under the statute, without reservation, and the plat has been recorded and accepted * * * the dedicator or his grantee has no special proprietary rights in the soil composing the streets, but the dominion of the streets passes to the public authorities". City of Des Moines v. Hall, 24 Iowa 234, 245. We also said therein: "at common law, the dedication of land for streets was of the *use* simply. The statute changes this, makes the dedication extend to the soil, and the soil includes of course, the minerals therein".

It would be highly impractical to make a distinction between the power of a city to control streets dedicated by private individuals and those established in some other manner. Most streets are now dedicated and in the absence of acceptance under some specific reservation, the city has and must have plenary authority to control them.

III. Plaintiff also argues owners of property abutting a street have special right in the street as distinguished from the general public. This is true where a street has been opened and used. Long v. Wilson, 119 Iowa 267, 272, 93 N.W. 282, 60 L.R.A. 720; Liddick v. City of Council Bluffs, 232 Iowa 197, 5 N.W.2d 361. No special rights are acquired until the street has been opened and used by the property owner. In Aro Investment Co. v. City of Omaha, 179 Neb. 569, 139 N.W.2d 349, 352, plaintiff sought to contest the vacation of a section of a street abutting its property which had never been opened. The Nebraska Court said: "There was no public use. Consequently, the plaintiff and its predecessors in interest could not acquire any interest therein which would force the city to use said street or permit plaintiff to contest its vacation."

IV. Plaintiff also argues that if the opening and improvement of a street is discretionary with the city, it abused its discretion in failing to open the street under the circumstances here. We do not agree. Abuse of discretion in refusing to open the street is determined by the need of the general public, not the plaintiff. Call Bond & Mortgage Co. v. Great Northern Ry. Co., 227 Iowa 142, 144, 287 N.W. 832; Aro Investment Co. v. City of Omaha, 179 Neb. 569, 139 N.W.2d 349, 352; City of Jefferson v. Eiffler, 16 Wis.2d 123, 113 N.W.2d 834, 839. Her particular situation may be considered as it affects the public good.

This would be a dead end street 250 feet long. Except for a narrow frontage owned by the city, all lots on one side are owned by plaintiff. The owner of the lots on the other side of the street is not involved. The terrain is such that it is impassable without grading and improvement. We are not told what this might cost. We are not told how crowded the area is or what public necessity demands this street be opened. Under this record it was not an abuse of discretion for the city to refuse to open it.

While we realize plaintiff's property would have much greater value if the street were opened, there was no street or access when she purchased the lots. Her predecessors in title had been unsuccessful in getting the street opened. She is not injured as the price she paid for the lots would reflect their value with the street unopened. She cannot compel the city council to open the street to give her access at the expense of the general taxpayers, in the absence of a showing of public necessity. There was no attempt to make such showing.

For the reasons stated, we reverse.

Reversed.

All Justices concur.