John T. NOLAN, Plaintiff-Appellant,

v.

BOARD OF ADJUSTMENT OF IOWA CITY, IOWA, and City of Iowa City, Iowa, A Municipal Corporation, Defendants-Appellees,

Casey Mahon, Intervenor-Appellee.

No. 83–994.

Court of Appeals of Iowa.

April 24, 1984.

Mark C. Moen of Rate, Nolan, Bohanan, Moen & Lucas, Iowa City, for plaintiff-appellant.

Richard J. Boyle, Asst. City Atty., Iowa City, for defendants-appellees.

Angela M. Ryan of Meardon, Sueppel, Downer & Hayes, Iowa City, for intervenor-appellee.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Plaintiff, John Nolan, appeals from the district court decision in this certiorari action affirming defendant board's decision that a building permit issued to the plaintiff had been illegally issued. The defendant board revoked the building permit because the access to the parking area shown on the plat plan was not available when the building permit was issued to the plaintiff. We are faced with the issue of whether plaintiff has a legal right of access to a dedicated but unopened alley abutting his property with a concomitant right to improve and reasonably use it. We determine that he does not, and accordingly, affirm the decision of the district court on certiorari review.

I. Nolan applied for and was issued a building permit on January 12, 1983, for an eleven-unit apartment building. The plot plan submitted with the building permit application showed an eighteen-space parking area accessed by an alley right-of-way located north of the property. *Iowa City, Iowa, Code Section 8.10.25.A* requires that one and one-half parking spaces be provid-ed for each unit in multiple family dwellings. The alley shown on the plot plan had been dedicated and platted, but not formally opened by the city. Access to the present single family residential unit on the property had been from McLean Street upon which the property fronted.

Although portions of the alley were being used as an access road by adjoining neighbors, the area behind Nolan's property was wooded and the land sloped away to provide drainage for the area. Nolan proposed adding fill to the rear of his property and the alley in order to provide the necessary parking and access for the proposed construction. Improvements proposed by Nolan to the alley abutting his property were to be made at his expense. However, there was no evidence that Nolan had at any time approached the Iowa City City Council to seek permission to open the alley.

Intervenor, Casey Mahon, appealed the decision to issue the building permit to the board on January 13, 1983. Mahon, in relevant part, alleged on appeal that the issuance of the building permit was illegal in that the access to the required parking spaces did not exist as shown on the plot plan, that the parking configuration as shown on the plot plan did not provide the necessary space, and that the plot plan did not provide the required screening of the off-street parking area. A public hearing was held and a vote was taken on the issue of whether to revoke the building permit.

Pursuant to the passage of a motion to revoke the building permit, the board, in its findings of fact and conclusions of law, found that no access was presently available to the required parking area and unconditionally revoked the building permit. The board found that the issue of proper screening was moot because Nolan had agreed to screen the parking area and found that the issue of the improper parking configuration was removed by Nolan's proposal to relocate two of the required parking spaces. Nolan challenged the board's action by filing for a writ of certiorari to the district court pursuant to Iowa

Code section 414.15. Nolan asserted that the board's revocation of the building permit was illegal on four grounds: (1) there existed irregularities in the voting on the motion to revoke; (2) there was not substantial evidence to allow revocation on the basis of inadequate screening and improper parking configuration; (3) he had a vested legal right of access to the dedicated alley and could develop it for his use in compliance with reasonable engineering standards; and (4) the revocation of the building permit violated his constitutional rights to due process and equal protection.

It appears, however, that the parties stipulated to the district court that these matters would be determined on the basis of the following legal question: "Whether the plaintiff has a legal right to access on the dedicated alley regardless of whether the city council has opened the alley with a concomitant right to improve said alley based upon a reasonable use thereof?" The trial court concluded that Nolan, under these facts, did not have an unrestricted right to improve the alley without consent of the city council and that the city council has discretion in determining whether to open the alley or not. Because there was no evidence that Nolan had approached the city council on the issue of opening the alley, the court held that it would be premature to enter an order requiring the city to permit Nolan to improve the alley. Therefore, the board's decision that access to the required parking area was not available was supported by substantial evidence.

II. The principles of judicial review in a case such as this were set forth in *Weldon v. Zoning Board of City of Des Moines*, 250 N.W.2d 396, 401 (Iowa 1977):

... in a certiorari proceeding in a zoning case the district court finds the facts anew on the record made in the certiorari proceeding. That record will include the return to the writ and any additional evidence which may have been offered by the parties. However, the district court is not free to decide the case anew. Illegality of the challenged board action

is established by reason of the court's findings of fact if they do not provide substantial support for the board decision. If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.

*See also* Iowa Code § 414.18.

█ The scope of review of *this* court on appeal from the trial court's judgment on such a writ of certiorari is governed by Iowa Rule of Civil Procedure 318. *Grandview Baptist Church v. Zoning Board of Adjustment of the City of Davenport*, 301 N.W.2d 704, 707 (Iowa 1981). That rule provides: "Appeal to the supreme court lies from a judgment of the district court in a certiorari proceeding, and will be governed by the rules applicable to appeals in ordinary actions." Iowa R.Civ.P. 318. Accordingly, we review the record to determine whether the trial court applied the correct legal standards and whether its decision is supported by substantial evidence. *See Johnson v. Board of Adjustment of the City of West Des Moines*, 239 N.W.2d 873, 877–78 (Iowa 1976).

III. Nolan continues to assert on appeal that he has a legal right to access on the dedicated alley, and to improve that alley so that he may make reasonable use of it, regardless of whether the city council has "opened" the alley. The evidence is undisputed that the alley is not improved at this time and that it would require at least some amount of fill to make the proposed parking area accessible. There is also no dispute that the alley has been dedicated and platted. The city, however, has never made any improvements in the alley nor opened it to public use. Finally, Nolan has not made any requests of the city council to open the alley or establish a grade for the alley so that he might improve the alley for his use. Under these facts, we are also unwilling to say that Nolan has a vested right to open and improve the alley.

█ Initially, we note that this is not a case where there was access to abutting property and the city, through its actions,

denied an abutting landowner his only access. *See Stom v. City of Council Bluffs*, 189 N.W.2d 522, 527–29 (Iowa 1971). There is no evidence that Nolan has been denied access to his property using McLean Street or that Nolan had, in the past, used the unopened alley for gaining access to his property. Instead, Nolan is asserting, in effect, that the board's decision to revoke his building permit on the basis that he has no access to the required parking area is erroneous because he has a vested right to open the alley, despite a possible contrary decision by the city council. Nolan relies upon the principle stated in *Stom* that a property owner acquires vested access rights immediately upon the dedication and acceptance of the street for public use. *Id.* at 527. We agree that Nolan may not be denied the use of the alley such as it is. *Stom*, however, does not stand for the proposition that the city may be compelled to allow a property owner to open and develop a street. *Id.* at 526–27.

The supreme court held in *Tott v. Sioux City*, 261 Iowa 677, 679, 155 N.W.2d 502, 504 (1968), that a city has discretionary power, rather than a mandatory duty, to open and improve a street, dedicated and accepted as a public street, when requested to do so by the owner of lots abutting such unopened streets. A city may "establish" or "lay off" streets or accept a dedication of streets to the public without being required to open them to the public upon request. *Id.* at 680, 155 N.W.2d at 505.[1] Abuse of discretion in refusing to open a street is determined by the need of the general public, not the property owner. *Id.* at 682, 155 N.W.2d at 506. It is clear, therefore, that under Iowa law Nolan does not have a vested right to compel the city to open and allow him to improve the alley. *Stom v. City of Council Bluffs*, 189 N.W.2d at 526.

Nolan's assertion that the board's decision is illegal because he had a vested right to open and improve the alley must fail. He had no such right. He must first present his request to the city council. There is nothing to indicate that Nolan has presented the city council with a request to open the alley and allow him to improve it for his use. We do not believe it is proper for us to speculate on the outcome of such a request or to speculate whether or not a denial of such a request would constitute an abuse of discretion. Accordingly, there was substantial evidence to support the board's finding that the granting of the building permit was illegal because there was no access to the required parking area.

IV. Nolan also asserts on appeal that even if the trial court's decision was correct on the issue of access, it erred in dismissing his petition. Specifically, Nolan asserts that there were other matters raised by his petition. The court, in its decision, noted as follows:

> The parties stipulated that the matter was to be determined by the Court on the basis of determination of the following legal question: "Whether the plaintiff has a legal right to access on the dedicated alley regardless of whether the city council has opened the alley with a concomitant right to improve said alley based upon a reasonable use thereof?"

There is nothing in the record to support Nolan's contention that the above stipulation was not intended to resolve the entire case. The trial court obviously ruled on the matter on that basis and Nolan did nothing to alert the court to this alleged misunderstanding. We believe the record indicates it was the intent of the parties to try the issues in the petition on the basis of a determination of the legal question as stipulated. If the court had answered that question in the affirmative, it would have been compelled to reverse the board's determination that the building permit was illegal. The board based its decision to revoke the building permit upon Nolan's failure to secure the necessary approval to open and improve the dedicated and platted

---

1. We assume without deciding, as do the parties, that the legal principles which apply to streets also apply to alleys. We note in situations where an alley is involved there is nearly always other access to the property.

alley. If Nolan had a vested right under Iowa law to open and improve the alley, any action by the city council would have been irrelevant.

We do not believe Nolan may now complain, after receiving an unfavorable result, that this procedure agreed to by him denied him his statutory right to a **de novo** trial on all the issues raised. *See* Iowa Code § 414.18.

Accordingly, the decision of the trial court is affirmed.

AFFIRMED.