MAHASKA STATE BANK,
Plaintiff–Appellee,

v.

Sean P. KELLY, Lori Kelly, Lois N. Heitsman, Agnes Riley, and Mary A. Heitsman, Defendants,

City of New Sharon, Iowa,
Defendant–Appellant.

No. 93–1011.

Court of Appeals of Iowa.

May 26, 1994.

Hugh V. Faulkner, of McCoy, Faulkner & Broerman, Oskaloosa, for appellant.

James M. Hansen, of Clements, Pabst, Hansen & Maughan, Oskaloosa, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The question in this appeal in an action for declaratory judgment is whether the trial court correctly found a sewage service line and a sewage lift station had been dedicated to the defendant-appellant city of New Sharon by common law and the line and lift station were a public utility the city was required to operate. Plaintiff-appellee Mahaska State Bank owned the line and lift station and sought in the declaratory judgment action to transfer responsibility for the line to the city. We agree with the city that the trial court erred and reverse and dismiss the petition.

Real estate in New Sharon, in what was to eventually be platted as the Sunset Addition, was originally owned by Readshaws. Readshaws, who are not parties to this action, built a house in the area and obtained a permit to connect a sewer line from their house to the city sewer line. Readshaws installed a sump pump to serve as a lift station to pump the sewage across a low area. Other houses were built in the area and Readshaws let the new homeowners connect to their sewer line. The bank foreclosed on the Readshaws' property and ultimately acquired title to the property including the

sewer line. The property was then platted as Sunset Addition. The city accepted the plat. The accepted plat did not show any sewer lines, laterals or the lift station. There is no evidence the city accepted the sewer line, laterals or lift station when it accepted the plat. In fact, after the acceptance of the plat, the bank continued to maintain the sewer line and pay fees for the residential property in the plat. The bank sought to charge those properties for the use and, when they refused to pay, the bank brought this action against both the city and the property owners. The trial court ordered the claims against the city and the property owners separated. This appeal involves only the bank's claim against the city that the trial court should declare the sewer line a public utility and require the city to assume all past and future costs associated with the sewer line.

The case was submitted on stipulated facts. The trial court found the line, laterals and pumping station were used by the public and the owners in the division to introduce sewage into the system and were a common convenience and necessary to the homes. The court also found the city issued a permit allowing the line to be connected to the city main line. The trial court reasoned the sewer line was used for public purposes and the city's action in permitting the connection to the city system was sufficient evidence to support a finding there was a common-law dedication of the line.

The court further found the line and lift station at issue were a public utility that the city was required to operate. The court declared the city was required to assume all present and future expenses of the line and lift station.

The city has appealed contending the trial court erred (1) in determining there was a common-law dedication of the sewer line to the city and (2) in determining the sewer system was a public utility required to be operated by the city. The city also contends plaintiff waived its rights or was estopped from bringing the claim.

■ The city first contends there was no dedication. Clearly there was no formal dedication. The only claim can be there was a common-law dedication. There is support for the theory of a common-law dedication of a street or highway. See *Iowa Loan & Trust Co. v. Board of Supervisors*, 187 Iowa 160, 161–62, 174 N.W. 97, 98–99 (1919). We find no cases advancing the doctrine to sewer lines and lift stations. We find it unnecessary to determine whether in Iowa there can be a common-law dedication of sewer lines or lift stations because we agree with the city that the elements necessary to prove a common-law dedication have not been proven by substantial evidence. "[T]he evidence to establish a common-law dedication must be clear and cogent, and that the intention to dedicate must have existed at the time of the beginning of the user which is relied upon to show dedication." *Henry Walker Park Ass'n v. Mathews*, 249 Iowa 1246, 1255, 91 N.W.2d 703, 709 (1958). Use alone is not sufficient to establish an easement by common-law dedication. *Id.*

■ The city approved the plat for Sunset Addition but there was no resolution accepting any sewer line or lift station constructed by Readshaws. As with other contracts, there must be an acceptance of the offer of dedication in order for it to be binding. *Marksbury v. State*, 322 N.W.2d 281, 285 (Iowa 1982).

■ To establish a common-law dedication, the evidence must clearly and cogently show that an intention to dedicate must have existed at the time of the beginning of the use which is relied upon to show dedication. *Dugan v. Zurmuehlen*, 203 Iowa 1114, 1118–19, 211 N.W. 986, 988 (1927). Use alone is not sufficient to establish an easement by common-law dedication; there must be something more. *Henry Walker Park Ass'n*, 249 Iowa at 1255, 91 N.W.2d at 709.

The line and lift station have been used by a few property owners. There is no evidence the city has ever accepted the control and maintenance of the line. In fact, all the evidence is to the contrary. That is, the line and lift station have been constructed, controlled, and maintained by either the Readshaws or the bank. Furthermore, there is no evidence of any easement ever having been given to the city across the land where

the line and lift station lie. We determine there is no evidence of a common-law dedication of the sewer line.

The city next contends the trial court erred in declaring the sewer line and lift station a public utility. The trial court, relying on the case of *Sayles v. Bennett Ave. Dev. Corp.*, 258 Iowa 628, 138 N.W.2d 895 (1965), determined it is not legal for the bank to operate the sewer line and the lift station and, therefore, the city is obligated to do so. We do not find *Sayles* relevant to the issues before us. The issue in *Sayles* was whether the city could contract for a private sewer system, while the issue in this action is whether the city can be forced to accept and maintain a sewer line and a lift station located on private land.

The bank argues the city is obligated to dispose of sewage and it is illegal for the bank to operate the sewer system. However; the issue of whether or not the bank can maintain a sewer line and a lift station on private land is not before this court. The general principle is governing bodies such as city councils and county supervisors have broad discretion of a legislative nature to determine whether to accept and maintain a sewer line and lift station and courts cannot interfere with this legislative function except in a clear case of fraud, bad faith, or arbitrary abuse of discretion. *See Oakes Const. Co. v. City of Iowa City*, 304 N.W.2d 797, 808 (Iowa 1981).

The powers conferred to city councils are legislative in character and, within the limits prescribed by statute, are plenary. *Tott v. Sioux City*, 261 Iowa 677, 680, 155 N.W.2d 502, 504–05 (1968). The only limit upon them which the courts have been inclined to recognize is that they shall not be exercised unreasonably. *Id.*

We reverse the trial court and dismiss the petition for declaratory judgment against the city. Costs on appeal are taxed to the bank.

**REVERSED AND DISMISSED.**