**IN THE COURT OF APPEALS OF IOWA**

No. 21-1857
Filed December 7, 2022

**MICHAEL C. COURTNEY, KATHY I. COURTNEY, JODY L. WILLIAMS, and TODD R. WILLIAMS,**
     Plaintiffs-Appellees,

**vs.**

**CITY OF OTTUMWA,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Wapello County, Gregory G. Milani, Judge.

     A municipality appeals the district court's finding that there was an implied, common-law dedication of certain sanitary sewers. **REVERSED AND DISMISSED.**

     Bryan J. Goldsmith of Gaumer, Emanuel, Carpenter & Goldsmith, P.C., Ottumwa, for appellees.

     David E. Schrock and Rachael D. Neff of Smith, Mills, Schrock & Blades, P.C., Cedar Rapids, for appellant.

     Jason M. Craig of Ahlers & Cooney, P.C., Des Moines, for amicus curiae.

     Heard by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

The City of Ottumwa appeals the district court's order granting declaratory judgment in favor of Michael C. Courtney, Kathy I. Courtney, Jody L. Williams, and Todd R. Williams. The court found certain sanitary sewers in the plaintiffs' subdivision were dedicated by common law and have been owned by the City since June 5, 1957. The City contends it only has an easement over the private sewer lines and never acquired ownership of said lines. Finding the City's position accurate, we reverse the order of the trial court and dismiss the petition for declaratory judgment.

### I. Background Facts and Proceedings.

On Thanksgiving Day 2015, a sewer backup occurred at the home of plaintiff Jody Williams. In February 2016, she filed a claim against the City's insurer for damages arising from the backup. The City's insurer denied the claim on account of the sewer being on a private sanitary sewer line. Jody Williams and her co-plaintiffs subsequently brought this action seeking to have the sewers located in their subdivision, known as McCarroll's Third Addition, declared publicly owned and operated by the City. The plaintiffs asserted that the sewers were dedicated to the public, either statutorily or by common law. After the City filed a motion for summary judgment, the court held there was neither a statutory dedication nor an express, common-law dedication of the sewers. The matter proceeded to trial in August 2021 on the issue of whether there was an implied, common-law dedication. The court held that the plaintiffs successfully established the elements of a common-law dedication by implication and that the sewers in question are therefore owned by the City. The City filed a timely notice of appeal.

## II. Review.

"Our review of an appeal from a declaratory judgment action is determined by how the case was tried in district court." *Clarke Cty. Reservoir Comm'n v. Robins Revocable Tr.*, 862 N.W.2d 166, 171 (Iowa 2015). Both parties agree this action was tried at law. This conclusion is supported by the district court having ruled on a motion for summary judgment and evidentiary objections. Therefore, our review is for correction of errors at law. *See id.*

## III. Discussion.

The City maintains the district court erred in finding that there was an implied, common-law dedication of the sanitary sewers at issue. We are unconvinced that dedication is the appropriate legal theory to analyze the ownership of sewer lines. *See Sons of Union Veterans of Civ. War v. Griswold Am. Legion Post 508*, 641 N.W.2d 729, 733 (Iowa 2002) (expressing doubt as to the applicability of dedication analysis in the context of personal property). "Dedication is the setting aside of *land* for a public use." *Id.* (cleaned up) (citation omitted); *see also De Castello v. City of Cedar Rapids*, 153 N.W. 353, 355 (Iowa 1915) ("A dedication is a devotion to public use of land, or an easement in it.").

Even if we assume for purposes of analysis that dedication is both an appropriate legal theory and has been satisfied here, "a right conferred by common-law dedication is an easement only." *Dugan v. Zurmuehlen*, 211 N.W. 986, 988 (Iowa 1927) (noting comparatively that most statutory dedications confer a fee simple title upon the municipality to which the dedication was made); *see also Breezy Prop. Co. v. Bickford*, No. 03–1389, 2005 WL 67132, at *4 (Iowa Ct. App. Jan. 13, 2005) ("We hold, therefore, that the common law dedication

accepted by the public conferred upon the public an easement only."). The parties in this case agree an express easement over the sewer lines was granted to the City in 1955. In light of the express easement, an easement arising from an implied, common-law dedication would be of no additional use. Moreover,

> [t]he general principle is governing bodies such as city councils and county supervisors have broad discretion of a legislative nature to determine whether to accept and maintain a sewer line and lift station and courts cannot interfere with this legislative function except in a clear case of fraud, bad faith, or arbitrary abuse of discretion.

*Mahaska State Bank v. Kelly*, 520 N.W.2d 329, 332 (Iowa Ct. App. 1994).

The plaintiffs allege that the City's refusal to acknowledge ownership of the sewers amounts to an arbitrary abuse of discretion based on its actions since construction of the sewers. In 1953, a city council resolution authorized Morris McCarroll, then-owner of the land in question, to construct private sanitary sewer lines and connect said lines to the City's existing sanitary sewer. The resolution was conditioned on McCarroll paying forty dollars for each lot served by the proposed private sanitary sewer. In 1955, the city council adopted a resolution "to clarify the intent of paragraph 3-A" contained in the 1953 resolution. This 1955 resolution amended said paragraph to indicate that the owners of each lot—rather than McCarroll—would pay forty dollars to connect to the sanitary sewer. When reading these resolutions together, we do not find that the amendment evinced an intent to make public the sanitary sewer lines contained within this subdivision. The plaintiffs contend such intent not only existed, but that the City proceeded to accept and maintain the sewers since annexation of the subdivision was formally completed in 1957.

The City explained that it responds to service calls for sewer backups across the municipality—regardless of whether the lines are public or private. However, the City does not conduct routine maintenance or upgrades on any private lines. We cannot say this distinction amounts to an arbitrary abuse of discretion. The City has an interest in promptly clearing backups from any lines connected with its larger sanitary system. Moreover, any misunderstandings arising from the real estate contracts for these properties rest on the sellers and buyers rather than any representations from the City. *See Nichols v. City of Evansdale*, 687 N.W.2d 562, 566–67 (Iowa 2004) (analyzing intent of the grantor to determine ownership of undisclosed sewer lines in a land transfer). The City has indicated it would be willing to assume public ownership of the lines if the property owners first bring them up to current design standards. Because we find no arbitrary abuse of discretion, we will not interfere with the City's broad legislative discretion to accept and maintain sewer lines. *See Mahaska State Bank*, 520 N.W.2d at 332. The sanitary sewers in McCarroll's Third Addition are private and not owned by the City of Ottumwa.

We reverse the trial court and dismiss the petition for declaratory judgment against the City.

**REVERSED AND DISMISSED.**