## Conner's Estate (No. 1).

Argued February 5, 1935. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. Weinman Cratty,* with him *George A. Shutack,* for appellant.

*Charles M. Bolich,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 25, 1935:

Robert B. Conner died on September 13, 1921, leaving a last will and testament dated February 24, 1921. The persons entitled to share in the distribution of his estate were: (1) Penn Trust Company of Allentown as trustee under agreements of trust executed by Ruth V. Nace, on respectively December 6, 1930, and April 28, 1931; (2) Roy B. Conner; (3) William C. Conner; and (4) J. Weinman Cratty, assignee of Philip B. Conner. Ruth V. Nace (who died April 25, 1932) was the only child and sole legatee of Minnie Conner Gross, who was a niece of Robert B. Conner. Roy B. Conner, William C. Conner, and Philip B. Conner were the sons of Harry K. Conner, deceased, who was a nephew of Robert B. Conner. Under the trust agreements of December 6, 1930, and April 28, 1931, the Penn Trust Company, its successors or assigns, succeeded to all the right, title, and interest, then present and prospective, of Ruth V. Nace, in the estate of Robert B. Conner, deceased, in trust, for certain clearly defined purposes. Under these trust agreements the minor children of Ruth V. Nace (who at the time of the hearing before the auditor in June, 1932, were respectively of the following ages: Arthur 13, Charles 11, and Marion 7), were given certain valuable rights in the estate so assigned by their mother to Penn Trust Company, in trust. Elmer Nace and Ruth V. Nace were divorced in September, 1931. Under the will of Robert B. Conner, the Mauch Chunk Trust Company, as executor and trustee, managed the estate until the death of all of the nephews and nieces of the deceased. The last survivor was Josephine Remmel, who died October 6, 1931. Thereupon it became the duty of the trust company to distribute the estate in accordance with the will. The Mauch Chunk Trust Company filed its first and final account as trustee in the orphans' court on March 11, 1932, and the court appointed on May 14th an auditor to distribute the funds. A hearing was held by the auditor on June 14, 1932, at which time testimony was taken and a stipulation and agree-

ment were offered and received in evidence. This stipu-
lation was signed by: (1) Penn Trust Company of Al-
lentown; (2) Roy B. Conner; (3) Willam C. Conner;
and (4) J. Weinman Cratty, the latter signing as as-
signee of Philip B. Conner. The stipulation provided as
follows: "The parties hereto agree to accept the said
stocks, bonds, securities and cash in full for their dis-
tributive shares in the first and final account of the
Mauch Chunk Trust Company, as trustee, filed on or
about March 10, 1932, less their respective proportionate
shares of the expense of the audit of said account." It
was admitted at the hearing before the auditor that the
aforesaid parties were the persons entitled to share in the
distribution of this estate.

On or about July 16, 1932, the Allentown National
Bank took over the banking business of the Penn Trust
Company, such liquidation resulting in the Penn Trust
Company of Allentown being unable to qualify to the
acceptance and management of additional trustee funds
that might be receivable; and the Orphans' Court of
Lehigh County on February 9, 1933, appointed the Le-
high Title and Guarantee Company of Allentown, trus-
tee, as successors in trust to the Penn Trust Company
of Allentown, under the agreements of trust and assign-
ments entered into between Ruth V. Nace and the Penn
Trust Company.

At the hearing before the auditor, counsel appeared
representing Elmer Nace as former husband of Ruth V.
Nace, and as natural guardian of their three minor chil-
dren, and objected to the stipulation offered in evidence
by the residuary legatees. The objections were the fol-
lowing: (a) that the parties had no authority to make
it; (b) that it was not a binding instrument; (c) that
its effect was contrary to the provisions of the will; and
(d) that it agreed to a division of assets in kind. It ap-
pears that distribution according to the stipulation
would reduce the minor children's share in this estate
by approximately $35,000. The auditor overruled the ob-

jections and in his report he made his distribution in accordance with the stipulation. The first report of the auditor was filed on July 6, 1933. To this numerous exceptions were filed on August 23, 1933, by parties in interest, and particularly by the Lehigh Title Guarantee Company as substitute trustee. On August 26, 1933, this substitute trustee filed a paper in which it "renounced each and every of the stipulations, agreements, modes of distribution, conclusions and commitments contained in a paper captioned 'Stipulation to take in kind, and to take the various stocks, bonds, securities, and cash, both as to the principal and as to the income,' filed before W. D. Lewis, Esq., Auditor," and "reserved the right to claim the legal share and interest to which Ruth V. Nace, her heirs and assigns, may be entitled to in the Estate of Robert B. Conner, deceased, in law or equity, of whatsoever kind and nature, free and clear of all commitments that may heretofore have been made by the Penn Trust Company of Allentown, Pennsylvania, or anyone on its behalf."

The court below overruled certain exceptions filed to the auditor's report but as to the exceptions filed on behalf of the minor children of Ruth V. Nace and Elmer Nace, complaining of the auditor's adherence to the stipulations, the court said: "These latter exceptions are tantamount to a repudiation of the stipulation. Whether the parties to this stipulation could repudiate it except by common consent might be questionable, the stipulation having been entered into to avoid pending or imminent litigation; but the discontinuance of business by the Penn Trust Company and the agreement of this trustee to represent the interest of minors taking place prior to the adjudication of the matter, surely gives this new trustee the right to be heard. It may be that the Penn Trust Company, as assignee and trustee, had the right to enter into this agreement without the sanction of the court, but if that be the fact the cestui que trust having an interest in the property might, upon the filing of an

account, contest the right of the assignee and trustee to make such stipulation and obtain a favorable decision in the contest, under which conditions the assignee and trustee would be individually liable for the loss which might be suffered by the cestui que trust by reason of the stipulation. In this case the Penn Trust Company of Allentown is defunct and consequently there would be no possibility of recovery of loss, suffered by these minor children through the action of the trustees; and the substitute trustee is before the court protesting and, having appeared prior to any adjudication of the matter, has at least a right to be heard. The interests of these minors will be very substantially affected by the manner of distribution of this estate, and as we view it the auditor, in passing upon these exceptions, should have sustained them and should have proceeded in the distribution in accordance with his interpretation of the 18th paragraph of the will of Robert B. Conner, deceased." This ruling was affirmed in a supplemental opinion filed December 13, 1934. William C. Conner appealed.

Section 40 of the Act of June 7, 1917, P. L. 447, 508, (20 P. S., section 787), provides as follows: "Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against a minor or the estate of a decedent, or to compromise or settle any question or dispute concerning the validity or construction of any last will and testament or the distribution of any decedent's estate, the orphans' court having jurisdiction of the accounts of the fiduciary shall be authorized and empowered, on petition by such fiduciary, setting forth all the facts and circumstances of such claim or question and proposed compromise or settlement, and duly verified by oath or affirmation, and after due notice to all parties interested, and after due consideration, aided, if necessary, by the report of a master, if satisfied that such compromise or settlement will be for the best interests of such minor or of the estate of such decedent, to enter a decree authorizing the same to be made, which decree shall oper-

ate to relieve the fiduciary of responsibility in the premises."

In the case of In Re Charles Mikasinovich, 110 Pa. Superior Ct. 252, 258, 168 A. 506, that court in an opinion by Judge KELLER, after quoting section 40 of the Fiduciaries Act, supra, said: "This makes it clear that the orphans' court has control [or, at any rate, had prior to the enactment of the Act of April 26, 1933, P. L. 88, No. 56, which gives the court in which such action is brought the authority to compromise or settle a suit pending to recover damages for personal injuries sustained by a minor] of the compromise, settlement and release of any action or claim brought by or on behalf of one of its minor wards, and any person attempting to compromise or settle such claim or suit is put upon notice that the action of the guardian in that respect is subject to the review and affirmance or disaffirmance, after hearing, of the court which appointed the guardian; and in case a settlement has been improvidently made by the guardian to the manifest injury of the ward, the court may, after hearing following notice to all parties interested, set aside the settlement, including any release given thereunder, and is not limited to a surcharge of the guardian as in Komara's Est., 311 Pa. 135, 166 A. 577."

The court below acted within the ambit of its authority in making the order appealed from; that order was proper, and

The decree is affirmed at appellant's cost.