## Schwartz's Estate.

144

Argued December 1, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Ralph S. Croskey*, with him *Theodore L. Reimel* and *Edwards & Croskey*, for appellant.

*Barnet Lieberman*, for appellee.

OPINION BY MR. JUSTICE STERN, January 2, 1940:.

Charles Schwartz died in 1906. By his will he gave the income of his estate to his wife during her widowhood, and constituted her one of his executors; if she remarried, or upon her death, the estate was to be divided among his four children, one-sixth to Emma, one-sixth to Marie, one-third to William, and one-third to Charles (hereinafter called petitioner). The widow (hereinafter called respondent) remarried, but elected to take against the will, and upon the adjudication of the account of the executors in 1907 the fund derived from the personal property was distributed, payable immediately. Petitioner, then eleven years of age, was awarded two-ninths, or $1,655.90.

At the time of decedent's death, he was the owner of some thirteen parcels of real estate in Philadelphia. In 1913, Marie Schwartz was appointed guardian of petitioner, and in that same year obtained leave from the Orphans' Court to join with respondent and the heirs in the sale of one of these properties. In 1914, Marie, as guardian, likewise joined, under leave of the court, in the sale of another of the properties. In each of these instances she allowed petitioner's share of the proceeds to remain in respondent's hands. Petitioner came of age in 1917, and at various times during the succeeding seven years joined with the other heirs and respondent in the sale and conveyance of the remaining properties. In most cases the purchase money was paid by check to respondent as "Trustee" or as "Executrix of the Estate of Charles Schwartz deceased," and she endorsed these checks correspondingly and mingled the money in her own bank account with rentals which she had collected from the properties, other money belonging to the estate, and her own personal funds. From time to time she made payments, aggregating approximately $5,000, to petitioner, or for his purposes, one such payment being made as late as 1935.

In 1933 petitioner filed a petition in the Orphans' Court alleging that he had never received the $1,655.90 awarded him on the adjudication of the executors' account in 1907, and asking for a citation directed to respondent as executrix (the other executor having died in 1912) to show cause why she should not pay the amount of the award with interest. Respondent filed an answer averring that part of the $1,655.90 was expended for petitioner's support and maintenance during his minority in pursuance of a family settlement, and the balance, amounting to $302.09, was paid in 1913 to Marie Schwartz, his guardian, in full settlement of petitioner's account, and was taken over by him when he attained his majority. Petitioner contends that this alleged family settlement was never approved by the court, and that when he received the $302.09 he understood it to be a gift from his mother.

In 1936 petitioner filed a second petition in the Orphans' Court, setting forth the facts in regard to the sales of the real estate, and praying a citation directed to respondent to show cause why she should not account for petitioner's share. Respondent filed an answer challenging the jurisdiction of the Orphans' Court, her position being that she did not receive the proceeds of the real estate in her capacity as executrix.

The court below held that it had jurisdiction to order an accounting, and entered a decree accordingly.

The only question raised on this appeal is as to the jurisdiction of the Orphans' Court. It is contended by respondent that, the account of the executors having been adjudicated in 1907, no second accounting of any personal property can now be ordered. This, however, mistakes the nature of the present proceeding on the first petition, which aims merely at an accounting of what has been done with petitioner's share in the estate for the purpose of ascertaining whether the sum awarded to him in the adjudication of 1907 has been paid; he does not question the amount of that award.

While he admits having received approximately $5,000 from respondent, he claims that such payments were on account of his interest in the real estate and not in satisfaction of the award; further, that his guardian could not lawfully have entered into a family settlement without the authority of the court. Certainly the Orphans' Court has jurisdiction to ascertain whether an award made by it has been paid, and, if not, to enforce performance. If it is necessary to have an accounting of the proceeds of the real estate in order to ascertain whether the payments to petitioner covered, in addition, any part of the award, the court has the power to direct such an accounting because, under section 9 (n) of the Act of June 7, 1917, P. L. 363, its jurisdiction is extended to the exercise of all powers needful to the execution of those specifically granted, whether incidental or additional thereto. The Orphans' Court also has control of the compromise, settlement, and release of any claim of a minor, and can therefore investigate the settlement alleged to have been made by petitioner's guardian with respondent in accepting the sum of $302.09 as full satisfaction: *In re Charles Mikasinovich,* 110 Pa. Superior Ct. 252, 257, 258; *Conner's Estate (No. 1),* 318 Pa. 145, 149, 150.

The jurisdiction to order an accounting of the proceeds of the real estate exists also for other reasons. Two of the properties belonging to the estate were sold while petitioner was a minor, and his guardian permitted his share of the proceeds to be retained by respondent. It was held in *Mulholland's Estate,* 154 Pa. 491, that under such circumstances the ward can proceed directly in the Orphans' Court to compel restitution of the fund by the person illegally in possession of it. Still another ground for the court's jurisdiction is that, by section 23 (a) of the Act of June 7, 1917, P. L. 337, it is provided that "Whenever any person shall die seised of real estate, and the parties in interest desire the same to be converted into money for distribution,

148

it shall be lawful for the Orphans' Court of the proper county, in its discretion, upon the joint petition of the widow and heirs or devisees, . . . in whom the real estate of the decedent shall have vested by descent or will, . . . to order the executor . . . or a trustee to be appointed by said court, to make sale of said real estate. . . . Said order shall provide that, before making sale, the executor . . . or trustee shall give bond in double the estimated value of the said real estate, and shall proceed thereafter in all respects in the manner provided by this act in cases of the sale of real estate under proceedings in partition. The proceeds of such sale, after payment of the expenses thereof, shall be distributed to and among those entitled thereto, the same as real estate . . ." Respondent indicated by the manner in which she received the proceeds of the sales of the real estate that she considered herself acting as executrix or as trustee, and the transactions were substantially the same as if conducted in pursuance of a petition to the Orphans' Court as provided in the section of the Act of 1917 thus quoted. There is therefore no reason why the court may not now assume jurisdiction of the matter, with the same force and effect as if the proceedings had been originally commenced there in accordance with the statute, and take steps to insure the security of the fund and its distribution among those entitled thereto.

It is contended by respondent that petitioner is guilty of laches, but the latter alleges that he did not know he had any present interest in his father's estate, respondent representing to him that he was entitled to share therein only after her death. Therefore he considered the sums paid for his benefit from time to time as gratuities from his mother and not as moneys received of right. In view of this fact, and of the family relationship between the parties, and because respondent has not in any way been harmed by the delay in the assertion of petitioner's claim since all the records are

available, and especially because a payment was made by respondent to petitioner as recently as 1935, the mere lapse of time should not be held sufficient to debar petitioner from the relief which he now seeks.

All that is here decided is that the Orphans' Court has jurisdiction, under the facts of the present case, to enter a decree, as it did, ordering an accounting. Questions arising under such accounting,—whether petitioner has actually been paid his share of the estate, whether the sum awarded to him in 1907 was properly exhausted in part in providing for his maintenance and support, whether the amount paid to his guardian in 1913 effected a legal settlement of the award, whether there are still due him further sums by reason of the sales of the real estate,—are matters which must await determination after an account has been filed in compliance with the decree.

The decree is affirmed, costs to abide the event.