## Byrd et al. v. Schwartz et al.

*Gilfillan, Gilpin & Brehman,* for plaintiff.
*Croskey & Edwards,* for Theresa Schwartz.

LEWIS, J., June 10, 1941.—There is before us a rule to set aside a bill in partition for want of jurisdiction.

Plaintiffs filed the bill as to certain real estate and a mortgage that had been conveyed and assigned to themselves and defendants by a recent deed from Theresa Schwartz, one of the defendants. It appears from the pleadings that the real estate and mortgage in question had been purchased by Theresa Schwartz, as executrix of the estate of her husband, Charles Schwartz, who had died in 1906, assets of that estate being used for the purchase. This was done apparently with the knowledge and consent of all the parties interested, including the children of Charles Schwartz, who, together with the said Theresa Schwartz, comprise all the parties to this case. Because of this consent the Supreme Court by its decision in Schwartz v. Schwartz, 316 Pa. 318, has characterized Theresa Schwartz as a trustee for the parties in the pro-

portions of their respective interests in the estate of Charles Schwartz. The orphans' court of this county has treated the real estate and mortgage as taking the place of the assets of the estate, and its assumption of jurisdiction over these assets has been approved by the Supreme Court in Schwartz's Estate, 337 Pa. 143.

Following an adjudication of the orphans' court of an account of Theresa Schwartz, a schedule of distribution was filed, approved by that court, in which the assets, including the real estate in question, were awarded to the various parties in certain proportions. However, the shares were expressed both in proportions of the fee and in terms of money; for example, "to Marie Schwartz, 1/9 in fee—$3413.33". Because of this it could be properly contended that the expression "1/9 in fee" intended that the distribution be made by a conveyance of the real estate in kind to the various parties in the named proportions; and it might also be contended that, by expressing the proportions in terms of money, it was intended that the distribution take place in money rather than in kind. Immediately following the filing of the schedule of distribution, Theresa Schwartz made a conveyance and assignment of the assets by deed to the beneficiaries. Thereupon, the present partition proceedings were filed.

If the conveyance of the real estate, etc., to the parties entitled was a proper compliance with the schedule of distribution, the jurisdiction of the orphans' court over the assets has terminated, and the parties are tenants in common of the real estate and mortgage, and the partition proceedings would be properly brought. On the other hand, if by the schedule it was intended that distribution be made in money, the conveyance by deed in kind is not a proper compliance with the order of the orphans' court.

The present rule to set aside the bill in partition places us in the position of having to rule upon a question that should properly be submitted to the orphans' court— namely, whether there has been proper distribution made by Theresa Schwartz, the executrix.

Upon a determination of that question by the orphans' court, the partition proceedings can continue or be abandoned, as the case may be. Meanwhile, we now order these proceedings stayed pending a ruling by that tribunal.