## Schwartz v. Schwartz et al. No. 1

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger and Ladner, JJ.

*Barnet Lieberman*, for execution creditor.

*Croskey & Edwards*, for defendant.

*Roscoe R. Koch*, for garnishee.

LADNER, J., November 7, 1941.—Citation on garnishee and defendant, Theresa Schwartz, to show cause why judgment should not be entered against the garnishee for the amount admitted to be due in its answer to interrogatories. From the interrogatories, answer, and supplemental answer thereto, it appears: That defendant had deposited with the garnishee $600 to indemnify it as surety on defendant's appeal bond entered to perfect her appeal to the Supreme Court

(See Schwartz's Estate, 337 Pa. 143) ; that, after satisfying the costs which defendant was obligated to pay, there remains in the garnishee's hands a balance of $287.45 which it admits it owes defendant; that defendant has notified the garnishee that she claims $300 as exempt by virtue of the Debtors' Exemption Act of April 9, 1849, P. L. 533, 12 PS §2161.

The question to be determined is whether defendant is entitled to claim such an exemption under the decree entered by this court against defendant requiring her to pay to plaintiff in the attachment the sum of $7,-282.01 as per decree of the auditing judge February 1, 1941.

In Cohen's Estate, 16 D. & C. 440, Judge Gest pointed out that by the express language of the Act of 1849 the exemption therein granted is limited to judgments "obtained on contract and distress for rent," and that by a long line of authorities its application has been confined to executions issued on judgments based on contracts expressed or implied. This court has heretofore refused to regard orders on fiduciaries to pay, whether based on misappropriation of trust funds (Woods' Estate, 7 W. N. C. 84), or surcharges (Cohen's Estate, supra), as judgments based on contracts, expressed or implied.

The decree to pay is based here upon surcharges made by the auditing judge in his adjudication of the defendant's account. This clearly appears from the facts set forth in Schwartz's Estate, 35 D. & C. 386, affirmed 337 Pa. 143, and the adjudication of Ladner, J., which we need not again restate. It follows, therefore, that under the authority of Cohen's Estate, supra, the claim for exemption must be denied.

Judgment is therefore entered in favor of Charles Schwartz, plaintiff, and against the garnishee for $287.45, less garnishee's attorney's fees of $13, and costs if any by it expended in these proceedings.