## Smith's Petition

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Isaac S. Grossman,* for exceptants.

*John Wintersteen* of *Wintersteen & Williams,* contra.

LADNER, J., January 19, 1942.—This matter came before the court on petition and answer. Petitioner asks a decree requiring respondent as trustee to sell at public or private sale certain real estate acquired by it pursuant to foreclosure of a mortgage which respondent previously held as trustee for sundry trusts. From the petition and answer the following facts appear: The Girard Trust Company, prior to foreclosure, held a mortgage for $150,000 secured on premises 244-254 South Fifth Street, as "trustee for sundry trusts". This mortgage was foreclosed and the sheriff conveyed the mortgaged premises on December 12, 1932, to the mortgagee as "trustee for sundry trusts" and the title is still so held. Respondent has been administering the property since for the benefit of those who held participations in the mortgage and their successors in title. The carrying charges exceed the income and have from the time the mortgage was foreclosed. The deficit has since then been prorated among the participation holders and either paid by them or charged against the participations of those who failed to pay the same.

Petitioner on April 19, 1938, acquired by purchase from a participation holder for the sum of $50 a 4500/150,000 participation interest. Averring that he had been denied the names of the other parties having like interests in the property and that the Girard Trust

Company, as trustee, had abused its discretion in unreasonably holding on to the property for the period of over eight years without selling the same, petitioner asked this court to direct immediate sale, either public or private, so that petitioner's interest may be liquidated without further loss. Respondent denies any abuse of discretion and avers that it has diligently striven to sell the property both by advertising and circulating information in regard thereto among 400 real estate brokers without success; that it is presently actively negotiating with brokers representing a prospective purchaser and believes a sale on satisfactory terms can be effected shortly. It further appears from the record that certain trust estates within the exclusive control of the Girard Trust Company in its fiduciary capacity also hold undivided interests in the property in question, and that there are other owners of undivided interests who are not within the control of the Girard Trust Company in its fiduciary capacity.

Before coming to the merits of the application, we must notice a serious question of jurisdiction. While respondent does not challenge our jurisdiction but, on the contrary, its learned counsel stated at the bar that it was content that we take jurisdiction, nevertheless a lack of power in a court to entertain a proceeding is an obstacle that cannot be overcome by waiver or consent. It becomes our duty, therefore, to consider the question of our own motion.

Whether we have jurisdiction must depend on whether the proceeding comes within the scope of the amendment made by the Act of June 26, 1931, P. L. 1384, to section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363. This amendment in express terms adds to our jurisdiction: "(n) The control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos; . . ."

We pointed out in In re Wanamaker Institute of Industries, 36 D. & C. 406, that it is a mistake to suppose

that the amendment of 1931 enlarged the jurisdiction of this court to cover all nontestamentary trusts. There is confirmation of this view when a comparison is made with the act from which the amendment was evidently copied, viz, the Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §281, which gave the common pleas courts equity jurisdiction (inter alia) over trusts in the following language:

"IV. The control, removal and discharge of trustees, and the appointment of trustees, and the settlement of their accounts."

From this it may well be reasoned that, when the Act of 1931 added the qualifying words "inter vivos", it was thereby intended to limit the concurrent jurisdiction conferred, to such trusts only as might be identified as "inter vivos trusts". That jurisdiction over *all* nontestamentary trusts was not intended to be granted would appear also from the fact that the amending Act of 1931 by separate paragraph (*o*) gives jurisdiction in express terms over "The control, removal, discharge, and settlement of accounts of trustees of life insurance trusts, whether taking effect during the lifetime or at or after the death of the insured or settlor; . . ." Had the legislature by subdivision (*n*) intended to cover all types of nontestamentary trusts such separate provision for life insurance trusts would have been unnecessary.

What then is meant by the term "trusts inter vivos"? In In re Trust of Bailey and Regar, 29 D. & C. 215, at page 218, Judge Stearne of this court says, "the term 'inter vivos' is a Latin expression meaning 'between living persons'", and continues, "Whether or not the wording of the act as quoted is broad enough to include trusts set up by other than individuals, i. e., corporations, partnership firms, trade associations, etc. . . ." was a question which he deemed unnecessary to decide in that case. In Reading National Bank & Trust Com-

pany's Account, 22 D. & C. 654, Judge Marx of the Berks County Orphans' Court expresses the opinion that the purpose of the amending Act of 1931, extending jurisdiction of the orphans' court to include "trusts inter vivos", was to give that tribunal jurisdiction over all dispositions of property in trust, whether by will effective at death or by agreement or deed effective in the donor's lifetime, since both forms of disposition are subject to the same rules of interpretation and construction and normally give rise to the same problems. He then held it did not confer jurisdiction over the account of the trustee for the holders of bonds secured by an individual's mortgage.

All the decisions of this court that have so far construed the amendment of 1931 have respected, even though they have not clearly defined, the limitation imposed by the phrase "trusts inter vivos". Thus in Shaffer's Estate, 21 D. & C. 90, by Sinkler, J., the act was held not to extend jurisdiction to trusts arising by operation of law. In In re Stief et al., 32 D. & C. 289, by Van Dusen, P. J., it was held not to apply to trusts created for a temporary purpose, even though by written instrument, but only to a continuing trust requiring both administration and distribution. See also Schwartz's Estate, 35 D. & C. 386 (Bolger, J.), aff. 337 Pa. 143, and In re Wanamaker Institute of Industries, 36 D. & C. 406.

The orphans' courts of the other counties have indicated a like disinclination to extend the amendment of 1931 beyond its express terms, and have refused to take jurisdiction in the following cases: Miller's Estate, 19 D. & C. 141 (Lancaster Co.), agency created by letter of attorney; Leinenbach's Petition, 24 D. & C. 443 (Schuylkill Co.), and Musser's Account, 39 D. & C. 475 (Lancaster Co.), assignments for benefit of creditors; Sullivan's Petition, 34 D. & C. 154 (Berks Co.), agreement transferring to a trust company styled "trustee agent and attorney" a participation mortgage and de-

fining the respective rights and powers of the parties in interest; Alleged Trust Inter Vivos of Jernigan et al., 55 Montg. 231, deposit of money in escrow against default in a husband's bond given to support the wife. While it is true that jurisdiction was taken by the Berks County Orphans' Court in Keppelman's Estate, 27 Berks 299, for the purpose of appointing a substituted trustee of a mortgage pool, this was apparently done only because the orphans' court already had jurisdiction of the trust res in that the trustee was also fiduciary of many trust estates (under the jurisdiction of the court) whose funds were invested in that particular mortgage pool. See Schwartz's Estate, supra.

From these cases it would appear there is very serious doubt of our power to entertain jurisdiction in these proceedings, but we find ourselves unable to decide the point because neither in the petition nor the answer can we find sufficient information to enable us to determine what the actual relationship of the various parties in interest here is. The pleadings ought to state clearly whether there is any instrument in writing or any agreement apart from the letters issued to the petitioner certifying his ownership of a participating interest. If so, a copy should be attached. Or if the mortgage contains provisions governing the participants' rights such provisions should be set forth. In Sullivan's Petition, supra, a somewhat similar case, Judge Marx, after analyzing the agreement averred in the petition to have established a trust inter vivos, reached the conclusion that it was in essence but an agency arrangement and not a trust at all. It is well settled that the words "trust" and "trustee" and other like descriptive terms are not in themselves sufficient to establish a trust if, in fact, it is not one. See Wilbur Trust Co. v. Knadler et al., 322 Pa. 17.

The decree prayed for is refused. Leave is granted to plaintiff to amend his petition to supply the omis-

sions pointed out, and if his petition is not so amended within 15 days the clerk will enter a formal order dismissing the petition for lack of jurisdiction.