Thomas et al., Trustees, *v.* Johnson, Trustee, et al., Appellants.

Argued April 15, 1947. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Paul Bedford,* with him *Bedford, Waller, Jones & Darling,* for appellants.

*James P. Harris,* with him *G. S. McClintock,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 7, 1947:

The *orphans' court* has *exclusive* jurisdiction over the settlement, administration and distribution of a decedent's estate. While the question of jurisdiction was not presented to the court below, we are required to consider it: *Gilbert Estate,* 350 Pa. 13, 16, 38 A. 2d 277.

An injunction was granted by the court of common pleas against the testamentary trustee under the will of a decedent prohibiting a transfer of voting trust certificates (assets of the trust estate) to herself as trustee under an inter vivos trust deed which she had executed. Frederick C. Johnson, the decedent, died in 1913. By his will he erected a trust for the benefit of his widow and children and appointed his widow the trustee. Upon the audit of the account of the executors in the orphans' court the trust assets were awarded to the trustee "to be used by her as per the directions of the will of the decedent". The trust was accepted by the trustee and has

since been administered by her. On September 5, 1941, Frederick G. Johnson, one of the three children of decedent, executed and delivered an inter vivos trust deed to named trustees conveying all his interest in the estate of his father. For the present purpose it is unnecessary to recite the trust provisions. The son died October 21, 1941. On December 6, 1945, the widow of decedent, as trustee under his will, executed a deed of trust in which she was named as trustee and in which she assigned to herself as trustee in the inter vivos deed, all the voting trust certificates issued by the Wilkes-Barre Publishing Company, the corporate stock of which she held as an asset of the trust estate so awarded to, and held by, her as trustee under the will of decedent. The trustees under the inter vivos trust of Frederick G. Johnson, the son of decedent, secured the injunction from the court of common pleas prohibiting such transfer. The testamentary trustee and the trustees of the voting trust certificates appealed.

The interests and rights of the parties depend upon a construction of the will of decedent. The inter vivos trustees of the son construe the will to mean that the widow possessed but a life estate in the trust res, with remainder, subject to certain rights of the widow, to the three children. The widow maintains that she possesses an absolute estate, and therefore had the right to transfer the trust res to herself as trustee under her inter vivos trust deed.

The court of common pleas had no jurisdiction to determine this question and make the decree from which the appeal is taken. The jurisdiction of the orphans' court over the settlement, administration and distribution of a decedent's estate is *exclusive:* Orphans' Court Act of 1917 P. L. 363, section 9(e), 20 PS 2245; Fiduciaries Act of 1917 P. L. 447, section 24, 20 PS 651. *Long's Estate,* 254 Pa. 370, 98 A. 1066; *Link's Estate (No. 1),* 319 Pa. 513, 516, 180 A. 1; *Crisswell's Estate,*

334 Pa. 266, 269, 5 A. 2d 577; *DiPaola Estate,* 350 Pa. 408, 410, 39 A. 2d 519. See also: *Appeal of The Odd Fellows Savings Bank,* 123 Pa. 356, 16 A. 606; *Williams' Estate,* 236 Pa. 259, 84 A. 848; *Mauser v. Mauser,* 326 Pa. 257, 192 A. 137; *Schwartz's Estate,* 337 Pa. 143, 10 A. 2d 386.

The decree is reversed and the bill is dismissed. Costs to be paid by appellants.