J-S31019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARON M. PAIGE, EXECUTOR OF THE ESTATE OF MARVIN SAMUELS, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| FRANCISCO PAPALEO | : : | |
| Appellee | : | No. 393 EDA 2021 |

Appeal from the Judgment Entered April 25, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 190403263

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JANUARY 28, 2022**

Appellant, Sharon M. Paige, executor of the estate of Marvin Samuels, deceased ("Decedent"), appeals *pro se* from the judgment entered in the Philadelphia County Court of Common Pleas in favor of Appellee, Francisco Papaleo.  The underlying action concerns Appellee's purported refusal to return Decedent's personal property to Appellant.  We vacate and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows.

> [Decedent] and [Appellee] were domestic partners in a sometimes contentious relationship.  [Decedent] and [Appellee] resided together in a house they shared as joint tenants located at 2227 South 13th Street from 2003 until July or August 2012, when the relationship ended and

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellee] moved out of the house. [Decedent] died on May 7, 2014, and [Appellant] became the duly appointed Executor of the Estate in January 2016.

(Trial Court Opinion, filed April 23, 2021, at 2) (internal citations omitted).

On April 22, 2019, Appellant filed a complaint against Appellee in the Civil Trial Division of the Court of Common Pleas. The complaint did not state a specific cause of action. Rather, Appellant asserted that Appellee removed Decedent's personal property from their residence, and Appellee "sold-off valuable furniture, electronics, books and collectibles, thereby converting the estate's property to his personal use and profit without accounting to [Appellant]." (Complaint, filed 4/22/19, at ¶8).

Appellee filed preliminary objections on July 10, 2019. Appellee first asserted that the Civil Trial Division lacked subject matter jurisdiction, pursuant to 20 Pa.C.S.A. § 711. Appellee insisted that "the Orphans' Court maintains the exclusive and mandatory jurisdiction over any and all matters involving administration [of] an estate, administrators of the estate, and their respective fiduciary roles." (Preliminary Objections, filed 7/10/19, at ¶4). Further, Appellee contended that Appellant's complaint lacked specificity, and the complaint failed to demonstrate any legally cognizable claims. Consequently, Appellee requested that Appellant's complaint "be dismissed with prejudice and/or the matter be transferred to the … Orphans' Court Division." (*Id.* at ¶22).

On August 5, 2019, Appellant filed a memorandum of law in opposition

to Appellee's preliminary objections. Although Appellant concluded that the preliminary objections should be overruled, Appellant also admitted that the case should be transferred to Orphans' Court. (*See* Memorandum of Law, filed 8/5/19, at ¶2). The court ultimately disposed of Appellee's preliminary objections as follows: "[I]n consideration of [Appellee's] Preliminary Objection to [Appellant's] Complaint, and any response thereto, it is hereby ORDERED and DECREED that this Preliminary Objection is SUSTAINED in part." (Order, filed 12/11/19, at 1).[1] While the order directed Appellant to file an amended complaint, it did not provide any further discussion of the specific arguments in Appellee's preliminary objections. The order also made no mention of transferring the matter to Orphans' Court.

Appellant filed an amended complaint on January 14, 2020. While the caption of the amended complaint still referenced the Civil Trial Division, Appellant raised an identical claim regarding Appellee's retention of Decedent's personal property. (*See* Amended Complaint, filed 1/14/20, at ¶8). Appellee filed an answer and new matter on January 15, 2020. Appellee's filing did not mention the need to transfer the matter to Orphans' Court.

Thereafter, Appellant's case proceeded in the Civil Trial Division. On

---

[1] We note that the jurist who disposed of Appellee's preliminary objections was not the same jurist who presided over the subsequent trial. (*See* Trial Court Opinion at 3).

- 3 -

February 4, 2020, the parties appeared for a compulsory arbitration hearing. The arbitrators found in favor of Appellee, and Appellant filed a notice of appeal from the decision. The court conducted a *de novo* bench trial on September 29, 2020. On September 30, 2020, the court entered its verdict in favor of Appellee. The court found Appellant's "claims are barred by laches because [Appellant] did not exercise due diligence in bringing this claim and [Appellee] has accordingly been prejudiced…." (Trial Work Sheet, filed 9/30/20, at 1). Even if laches did not apply, the court concluded that Appellant was not entitled to relief where she "failed to definitively identify the specific personal property at issue, whether the decedent was clearly the sole owner of the property … and/or the fair value of the property." (***Id.***)

Appellant timely filed post-trial motions on Monday, October 12, 2020. At that point, the court discovered that Appellant's attorney was suspended from the practice of law in Pennsylvania when he filed the post-trial motions. (***See*** Trial Court Opinion at 1-2; N.T. Hearing, 1/7/21, at 4-5). On October 15, 2020, the court struck Appellant's post-trial motions. The court also permitted Appellant to file new post-trial motions, either counseled or *pro se*. Appellant subsequently filed *pro se* post-trial motions, and the court conducted a hearing on January 7, 2021. On January 8, 2021, the court denied Appellant's post-trial motions.

Appellant filed a *pro se* notice of appeal on Monday, February 8, 2021. On February 19, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b)

concise statement of errors complained of on appeal. Following the grant of an extension, Appellant filed a *pro se* Rule 1925(b) statement on March 19, 2021. On April 25, 2021, Appellant filed a *pro se praecipe* to enter judgment in favor of Appellee.[2]

Appellant now raises four issues for our review:

> Did not the trial court err by overlooking the Orphans' Court as the court of [Appellant's] first and original jurisdiction (seeking relief from [Appellee's] harassment, abuse and violation of rights)[?]
>
> Did not the trial court err in assuming jurisdiction where the Orphans' Court had exclusive mandatory jurisdiction over matters involving power of attorney[?]
>
> Did not the trial court err in assuming jurisdiction where the Orphans' Court had mandatory jurisdiction over fiduciaries, personal property, and distribution of estates[?]
>
> Did not the court below err when failing to transfer [Appellant's] [case] to the Orphans' Court *sua sponte*[?]

(Appellant's Brief at 2).

Appellant's issues are related, and we address them together. Appellant contends that Appellee "obstructed and impeded [Appellant's] efforts to access any estate property in order to perform her duties" as executor. (***Id.***

---

[2] Appellant filed her *pro se* notice of appeal on February 8, 2021. Final judgment on the verdict, however, was not entered until April 25, 2021. Thus, Appellant's notice of appeal relates forward to April 25, 2021, the date final judgment was entered and copies of the judgment were distributed to all the appropriate parties. ***See*** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

at 26). Appellant maintains that the Orphans' Court possessed mandatory jurisdiction over this dispute, and the Civil Trial Division erred by failing to transfer the matter after Appellee properly raised the issue of jurisdiction in his preliminary objections. Appellant also notes that the issue of subject matter jurisdiction can be raised at any time. Appellant concludes that this Court must vacate the judgment in favor of Appellee and remand the matter for further proceedings in the Orphans' Court. We agree.

"It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*. Our standard of review is *de novo*, and our scope of review is plenary." ***In re Estate of Ciuccarelli***, 81 A.3d 953, 958 (Pa.Super. 2013) (internal citations and quotation marks omitted). "The assessment of 'whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.'" ***Assouline v. Reynolds***, 656 Pa. 133, ___, 219 A.3d 1131, 1137 (2019) (quoting ***Beneficial Consumer Discount Co. v. Vukman***, 621 Pa. 192, 197-98, 77 A.3d 547, 550 (2013)).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case…. Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could

not give relief in the particular case.

***Estate of Ciuccarelli, supra*** at 958 (quoting ***Aronson v. Sprint Spectrum, L.P.***, 767 A.2d 564, 568 (Pa.Super. 2001)).

The jurisdiction of Orphans' Court is governed by statute, in pertinent part, as follows:

> **§ 711.  Mandatory exercise of jurisdiction through orphans' court division in general**
>
> Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
> > **(1)  Decedents' estates.—**The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial.
>
> *       *       *
>
> > **(12) Fiduciaries.—**The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts, jurisdiction of which is exercised through the orphans' court division, except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore.
>
> *       *       *

20 Pa.C.S.A. § 711(1), (12).

"Taken together, these provisions mandate that the Orphans' Court Division has 'exclusive jurisdiction of the administration and distribution of

- 7 -

decedents' estates, of the control of estate fiduciaries, and of the settlement of their accounts.'" **Estate of Ciuccarelli, supra** at 958 (quoting **Ostroff v. Yaslyk**, 419 Pa. 183, 186, 213 A.2d 272, 274 (1965)).  **See also Lucidore v. Novak**, 570 A.2d 93, 95 (Pa.Super. 1990) (stating "it is incorrect to file a complaint in the civil division seeking to set aside the will").  "It is well-settled that '[t]he court of common pleas, even as a court of equity, cannot interfere in a matter within the exclusive jurisdiction of the Orphans' Court.'" **Estate of Ciuccarelli, supra** at 961-62 (quoting **Trout v. Lukey**, 402 Pa. 123, 126, 166 A.2d 654, 655 (1961)).

Further, the Judicial Code provides the proper remedy for matters that are commenced in the wrong court division:

### § 5103.  Transfer of erroneously filed matters

**(a)  General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

\*    \*    \*

**(c) Interdivisional transfers.—**If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

\* \* \*

42 Pa.C.S.A. § 5103(a), (c). **_See also Estate of Ciuccarelli, supra_** (holding Civil Trial Division lacked authority to dismiss claims related to management of escrowed assets against administratrix of decedent's estate for lack of subject matter jurisdiction; Civil Trial Division was statutorily obligated to transfer case to Orphans' Court, because Orphans' Court had mandatory and exclusive jurisdiction to hear case).

Instantly, the trial court did not provide any substantive analysis regarding the issue of subject matter jurisdiction:

> Items one, two and six in [Appellant's Rule] 1925(b) Statement concern whether this case should have been transferred to the Orphans' Court Division…. What [Appellant] does not say or acknowledge is that she filed this case in the Civil Trial Division. [Appellee] filed the Preliminary Objections to transfer the case to the Orphans' Court Division. While [Appellant] may have joined in those Preliminary Objections, [Appellant] filed her case in this [c]ourt. It is absurd that she would now claim the [c]ourt committed error by failing to transfer her case to the Orphans' Court Division.

(Trial Court Opinion at 10).

Contrary to the court's assertion, the fact that Appellant filed her

amended complaint in the Civil Trial Division is not determinative of whether transfer was required. Appellant's amended complaint, brought in her capacity as the executor of Decedent's estate, alleged that Appellee improperly "sold-off" Decedent's personal property "without accounting to" Appellant. (Amended Complaint at ¶8). Appellant's claim speaks to the administration and distribution of the personal property of Decedent's estate, and the subject matter of the claim falls under the Orphans' Court Division's statutory grant of exclusive jurisdiction. *See* 20 Pa.C.S.A. § 711(1); *Estate of Ciuccarelli, supra*. *See also In re Thomas' Estate*, 457 Pa. 546, 327 A.2d 31 (1974) (explaining jurisdiction of Orphans' Court is entirely of statutory origin vesting it with exclusive jurisdiction to adjudicate ownership of personal property registered in name of decedent or alleged by personal representative to have been in possession of decedent at time of death).

Because the Orphans' Court Division has exclusive and mandatory jurisdiction, the Civil Trial Division should have transferred the instant case following the preliminary objections to subject matter jurisdiction. *See* 42 Pa.C.S.A. § 5103(a), (c); *Estate of Ciuccarelli, supra*. Consequently, we vacate the judgment entered in favor of Appellee and remand the case to the Orphans' Court Division of the Court of Common Pleas of Philadelphia County, which may proceed in a manner consistent with this decision.

Judgment vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 1/28/2022