J-S34012-23

2023 PA Super 229

| DEBORAH L. LESKO, ESQUIRE, ADMINISTRATRIX D.B.N.C.T. A. OF ESTATE OF GEORGIA C.DAWSON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | No. 1201 WDA 2022 |
| CHARLES BRENNING AND GAY C. BRENNING | : | |
| | : | |
| v. | : | |
| | : | |
| PNC BANK, GARNISHEE | : | |
| | : | |
| APPEAL OF: DEBORAH L. LESKO, ESQUIRE | : | |

Appeal from the Order Entered September 28, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-22-010318

| DEBORAH L. LESKO, ESQUIRE, ADMINISTRATRIX D.B.N.C.T.A. OF ESTATE OF GEORGE C. DAWSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1440 WDA 2022 |
| CHARLES BRENNING AND GAY C. BRENNING, HIS WIFE | : | |
| v. | : | |
| | : | |
| PNC BANK, GARNISHEE | : | |

Appeal from the Order Entered November 14, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-22-010318

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

OPINION BY LAZARUS, J.:                    **FILED: NOVEMBER 7, 2023**

Deborah L. Lesko, Esquire, Administratrix D.B.N.C.T.A. of the Estate of Georgia C. Dawson, Deceased ("Administratrix"), appeals from two orders, entered in the Court of Common Pleas of Allegheny County.  The first order, dated September 28, 2022, exempted from attachment by Administratrix the sum of $30,000.00 contained in PNC Bank ("PNC") account XX8221, titled in the name of Charles C. Brenning and Gay C. Brenning ("the Brennings"), and ordered the remaining funds released to Administratrix.  The second order, dated November 14, 2022, clarified—but did not vacate—an earlier order, entered on September 13, 2022, which partially lifted a freeze on the Account to permit the use of certain funds by the Brennings.[1]  After our review, we

---

[1] The September 13, 2022 order stated, in relevant part:  "I am lifting the freeze on the account in question to permit [the Brennings] to use the funds only to pay their taxes and insurance owed on their home[.  T]he garnishment remains in effect otherwise." Trial Court Order, 9/13/22, at 1.  The November 14, 2022 order clarified that order as follows:

1. The September 13, 2022 [o]rder unfroze the following amounts in Account XX8221:

a.  $3,215.68 for [the Brennings] to pay taxes on their home; and

*(Footnote Continued Next Page)*

conclude that the Civil Trial Division lacked subject matter jurisdiction to adjudicate this matter. Accordingly, we vacate the orders of the trial court and remand for proceedings in the Orphans' Court Division.

This matter arises from a judgment entered on March 14, 2022, in the Orphans' Court Division, in favor of Administratrix and against the Brennings, in the matter of the Estate of Georgia C. Dawson, Deceased. On August 19, 2022, Administratrix filed in the Civil Division a "*Praecipe* to File and Docket Certified Copy of Judgment Rendered in Orphans' Court Division at No. 4295 of 2018 Pursuant to 20 Pa.C.S.[A.] § 786(a)." Thereafter, on August 19, 2022, Administratrix filed a *praecipe* for writ of attachment against the Brennings and PNC, as garnishee. On August 26, 2022, PNC filed answers to interrogatories and new matter. In its answer to interrogatories, PNC stated, in relevant part, as follows:

---

> b. $419.00 for [the Brennings] to pay for insurance on their home.
>
> c. Totaling $3,634.68 to be allocated to [the Brennings'] taxes and insurance on their home.
>
> 2. Following the application of the September 13, 2022, [o]rder, there is $34,641.04 in Account XX8221.
>
> 3. Following the application of the September 28, 2022 [o]rder, there is $4,641.04 in Account XX8221 in excess of the exempted $30,000.00 and amounts attributable to social security. This amount should be turned over to [Adminstratrix].

Trial Court Order, 11/14/22, at 1-2.

> The Bank has four accounts of the judgment defendants. The account, XX8181, on which an "account review" was conducted, receives a "benefit payment." The account is not attached because the funds in the account do not exceed the amounts protected under federal and/or state law. *See id.*; 231 Pa. Code § 3525[.] *See* New Matter. Two accounts are jointly titled in the names of two nonjudgment defendants.
>
> After deduction of the Bank's $100.00 legal process service charge, there is an aggregate available balance of $39,314.33 as of the date of verification[.]

Answer to Interrogatories, 8/26/22, at ¶ 1.

On August 29, 2022, Administratrix filed a *praecipe* for judgment against the Brennings and PNC in the amount of $39,314.33, the available amount PNC stated it held on behalf of the Brennings. On September 7, 2022, Administratrix filed a reply to PNC's new matter and a counterclaim against PNC, asserting that the two jointly-titled accounts referenced by PNC in its answer to interrogatories were also attached and requesting a hearing for the court to determine "the amount of money in each account which was owned by [the Brennings] at the time of service [of the writ of execution]." Counterclaim, 9/7/22, at 2 (a*d damnum* clause).

On September 9, 2022, the trial court held a hearing, at which Charles Brenning testified that the account at issue here—number XX8221—was an escrow account that he used to pay his taxes. He further testified that the account also contained $30,000.00 belonging to his son. Brenning testified that the funds were proceeds from the sale of his son's house that his son had set aside for the payment of capital gains taxes. *See* N.T. Hearing, 9/9/22, at 11-12. At the end of the hearing, the court took the matter under

advisement and stated, "if I need further evidence, I will schedule it for further hearing." *Id.* at 20.

On September 13, 2022, the court issued an order partially lifting the freeze on account XX8221, *see supra*, n. 1, and scheduling a further hearing for September 22, 2022, stating, "I want to hear testimony from Mr. Brenning's son regarding the sale of his house and [the] nature of the cash in the disputed account." Trial Court Order, 9/13/22. On September 19, 2022, Administratrix filed a petition for reconsideration of the September 13, 2022 order, asserting that she was entitled to the full amount on deposit in account XX8221. The court did not act on the petition for reconsideration. Instead, following the September 22, 2022 hearing, the court entered its September 28, 2022 order, in which it exempted the sum of $30,000.00 from attachment and directed that "[a]ll remaining funds held in [account XX8221,] with the exception of any Social Security funds[,] shall be released to [Administratrix] and applied to the judgment balance." Trial Court Order, 9/28/22. Administratrix filed a timely notice of appeal to the September 28, 2022 order on October 5, 2022. The court thereafter directed her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which Adminstratrix filed on October 20, 2022.

On November 1, 2022, PNC filed a "Motion to Clarify the September 13, 2022 Order," in which it stated it was "unable to interpret and apply the September 13, 2022 [o]rder because [it] did not identify specific monetary amounts to unfreeze for taxes and insurance on the [Brennings'] home."

Motion to Clarify, 11/1/22, at ¶ 5. PNC requested that the court enter an order specifying the amounts to be unfrozen, as well as the balance to be turned over to Administratrix pursuant to the September 28, 2022 order. Administratrix filed an answer and new matter, asserting that her petition for reconsideration acted to stay the September 13, 2022 order and requesting that the court enter an order: (1) stating that the September 28, 2022 order superseded and terminated the "temporary interim order" of September 13, 2022; (2) finding that the petition for reconsideration acted to stay the September 13, 2022 order "until said [o]rder was terminated by the [o]rder of September 28, 2022; and (3) directing PNC to pay to Administratrix the sum of $8,275.72 from account XX8221. **See** Answer and New Matter, 11/7/22 (proposed order). That same day, Administratrix filed an application for a stay of the portion of the September 28, 2022 order unfreezing the sum of $30,000.00. On November 14, 2022, the court entered an order clarifying its September 13, 2022 order. **See supra**, n. 1. On November 15, 2022, the court entered an order granting, in part, the stay requested by Administratrix. Specifically, the court stayed its ruling that the $30,000.00 was exempt from attachment, but stated that the Brennings "may file a motion to release the stay on all or a portion of the $30,000.00 to pay Justin Brenning's 2022 tax liability . . . after [those] tax liabilities have been determined." Trial Court Order, 11/15/22. On December 8, 2022, Administratrix filed a notice of appeal of the trial court's November 14, 2022 order. On December 12, 2022,

the court directed the filing of a Rule 1925(b) statement, with which Administratrix did not comply.

Administratrix raises the following claims for our review:

1. Whether the [trial c]ourt erred in exempting the sum of $30,000.00 located in [the Brennings'] PNC Bank Account No. XXX8221 from attachment execution by [Administratrix] because said money was owned by [the Brennings'] son at the time of its deposit in said account.

2. Whether the [trial c]ourt erred in exempting the sum of $3,634.68 located in [account number XXX8221] from attachment execution by [Administratrix] without any legal basis whatsoever for doing so and simply because the [Brennings] intended to use this money to pay their real estate taxes and insurance.

Brief of Appellant, at 4.

Prior to reaching the merits of Administratrix's claims, we must determine whether the Civil Division possessed subject matter jurisdiction over this dispute. "It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." **In re Estate of Ciuccarelli**, 81 A.3d 953, 958 (Pa. Super. 2013), quoting **B.J.D. v. D.L.C.**, 19 A.3d 1081, 1082 (Pa. Super. 2011).

> Pursuant to statute, the Orphans' Court Division has mandatory and exclusive jurisdiction over "[t]he administration and distribution of the real and personal property of decedents' estates." 20 Pa.C.S.[A.] § 711(1). The Orphans' Court Division also has mandatory and exclusive jurisdiction over "[t]he appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts[.]" 20 Pa.C.S.[A.] § 711(12). Taken together, these provisions mandate that the Orphans' Court Division has "exclusive jurisdiction of the administration and distribution of decedents' estates, of the control of estate fiduciaries, and of the settlement of their

- 7 -

accounts." ***Ostroff v. Yaslyk***, [] 213 A.2d 272, 274 ([Pa.] 1965)
(citing ***Horner v. First Penna. Banking & Trust Co.***, [] 194 A.2d
335, 338–39 ([Pa.] 1963); ***Cole v. Wells***, [] 177 A.2d 77, 81
([Pa.] 1962); ***Trout v. Lukey***, [] 166 A.2d 654, 655 ([Pa.]
1961)).

***In re Estate of Ciuccarelli***, 81 A.3d at 958.

Here, the underlying judgment originated in the Orphans' Court in a matter involving the administration of a decedent's estate—a matter over which the Orphans' Court possesses "mandatory and exclusive jurisdiction." ***Id.*** Administratrix seeks to enforce that judgment against the bank accounts of the judgment debtor, Appellees herein. The Probate, Estates, and Fiduciaries ("PEF") Code grants the Orphans' Court the power to enforce compliance with its own orders. ***See*** 20 Pa.C.S.A. § 781 (Methods of enforcement) ("Compliance with an order or decree of an orphans' court division may be enforced by attachment of the person; sequestration of real or personal property; execution on personal property; attachment execution; or execution on real estate."). Where, as here, a judgment holder seeks execution against the personal property of a judgment debtor,

> [w]rits of execution on personal property shall be allowed by the [O]rphans' [C]ourt [D]ivision and directed to and executed by the sheriff of the proper county. The proceedings thereon shall be the same as on execution on personal property issued out of the division of the court having jurisdiction over actions at law.

20 Pa.C.S.A. § 784.[2]

_____

[2] In filing the Orphans' Court's judgment in the Civil Division for execution proceedings against the Brennings' accounts, Administratrix cited as the basis
*(Footnote Continued Next Page)*

Here, because the Orphans' Court possesses mandatory and exclusive jurisdiction over the administration and distribution of decedents' estates, ***see*** 20 Pa.C.S.A. § 711(1), and where the PEF Code provides the mechanism for execution against personal property, the civil court lacked jurisdiction to adjudicate the dispute of the parties in this matter. The proper remedy respecting petitions that are under the exclusive jurisdiction of one Pennsylvania court division, but which are commenced, incorrectly, in a different Pennsylvania court division, is prescribed by our General Assembly. In relevant part, the Judicial Code provides as follows:

> § 5103. Transfer of erroneously filed matters.
>
> (a) General rule. If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth[,] but which is commenced in any other tribunal of this Commonwealth[,] shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
>
> * * *

for the jurisdiction of the Civil Division section 786 of the PEF Code. However, section 786 governs execution on real estate and is inapplicable here.

- 9 -

> (c) Interdivisional transfers. If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

42 Pa.C.S.A. § 5103.

In light of the foregoing, the proper course of action for the civil court would have been to immediately transfer this matter to the Orphans' Court Division, rather than proceeding to adjudicate the dispute. It is well-settled that "[t]he court of common pleas, even as a court of equity, cannot interfere in a matter within the exclusive jurisdiction of the Orphans' Court." *In re Estate of Ciuccarelli*, 81 A.3d at 961–62. Accordingly, we are constrained to vacate the orders of the civil court entered on September 13, 2022; September 28, 2022; November 14, 2022; and November 15, 2022. We further remand this case to the Orphans' Court Division of the Court of Common Pleas of Allegheny County, which may proceed in a manner consistent with this Opinion.

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/7/2023

- 10 -